UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20608-CIV- JAL

ARWIN NICOLAS ZAPATA CARRERO and
all others similarly situated under 29 U.S.C.
216(b),

                Plaintiff,

  vs.

SANABI INVESTMENTS LLC d/b/a
OSCAR'S MOVING & STORAGE, SANDY
BIJANI , HANIN PRIETO,

                Defendants.
_____)

## DEFENDANTS' MOTION TO SET ASIDE AND/OR VACATE DEFAULTS AND DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendants, SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, SANDY BIJANI and HANIN PRIETO, pursuant to Rules 60(b),(1), (4) and (6) of the Federal Rules of Civil Procedure, and moves this Court for the entry of an order setting aside and/or vacating the Defaults and Default Final Judgments which were entered in this action against each of the Defendants, and in support thereof states as follows:

### BACKGROUND AND PRELIMINARY STATEMENT

1. This is an action by Plaintiff to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C., Sections 201-216. Defendant SANABI INVESTMENTS LLC, ("SANABI") is a small local moving company. *Please see the Sworn Affidavit of Defendant, SAADY BIJANI attached as "Exhibit A", the Sworn Affidavit of Susana Bijani attached as*

1

*"Exhibit B"* and the Sworn Affidavit of Defendant, HANIN PRIETO attached as *"Exhibit C."* Defendant, SAADY BIJANI (as opposed to the erroneous name, "SANDY BIJANI"), is the Registered Agent and President of Defendant, SANABI. *See Exhibit A*. Plaintiff is a former employee of Defendant SANABI who worked as a mover. *See Exhibits B and C*. At all times material hereto, Defendant, HANIN PRIETO ("Prieto") was an employee of SANABI who also worked as a mover for Defendant SANABI and worked in the same capacity as Plaintiff. *See Exhibits B and C.*

2. On April 19th, 2017, the Clerk of Court entered Clerk's Defaults against Defendant SANDY BIJANI, and against Defendant HANIN PRIETO. On March 28, 2017, the Clerk of Court entered a Clerk's Default against Defendant SANABI. Unbeknownst to the three Defendants, on April 27, 2017, this Court entered Final Default Judgments against all three defendants.

3. At the time of entry of the Clerk's Default against Defendants SANABI and SAADY BIJANI, this Court lacked personal jurisdiction over Defendant SANABI and SAADY BIJANI, due to a lack of valid and proper service of process. Defendant SAADY BIJANI is the President and Registered Agent of Defendant SANABI and there are no other officers of said corporation. *See Exhibits A and B.* The State of Florida corporate detail denotes SAADY BIJANI as the President and Registered Agent of SANABI. *The corporate detail of SANABI INVESTMENTS, LLC, is attached hereto as Exhibit D.* Defendant SAADY BIJANI is a male and SUSANA BIJANI is the sister of Defendant SAADY BIJANI. *See Exhibits A and B.* Susana Bijani did not have the authority to accept service on the behalf of the corporation nor on the behalf of Defendant SAADY BIJANI. *See Exhibits A and B.* Therefore, a Plaintiff such as the Plaintiff in this action cannot validly and properly serve Defendant SANABI nor Defendant SAADY

2

BIJANI by personally serving or substitute serving Susana Bijani. Defendant SAADY BIJANI is the Registered Agent of Defendant, SANABI INVESTMENTS LLC. *See Exhibit A*. Therefore, any purported service on Susana Bijani for Defendant SAADY BIJANI and/or Defendant SABANI INVESTMENTS, LLC, is legally insufficient and is not valid service of substitute service upon either. There remains a material failure of Plaintiff to properly serve these two Defendants. While Susana Bijani is employed by SABANI, Susana Bijani is not an officer and she is not authorized or legally recognized as a person who can be served in order to serve Defendant, SANABI with process. *See Exhibits A, B and D*. Therefore, there was and remains a material failure by Plaintiff to establish personal jurisdiction over Defendants SAADY BIJANI and SANABI. Therefore, the Clerk's Default and the Default Final Judgments entered against Defendant SAADY BIJANI and against Defendant SANABI are void and should be set aside or vacated by this Court so that these Defendants may assert their meritorious defenses to Plaintiff's claims. The main meritorious defense of Defendants SANABI and SAADY BIJANI is that Plaintiff at no time worked in excess of forty (40) hours in a work week while employed by SANABI.

4. Similar to Plaintiff, Defendant PRIETO worked as a mover for Defendant SANABI and at no time did Defendant PRIETO serve as the employer or supervisor of Plaintiff in any capacity. *See Exhibit A and C*. Plaintiff is well aware that at no time was Defendant PRIETO an "employer" of Plaintiff as defined by the Fair Labor Standards Act and therefore, this Court cannot possibly have subject matter jurisdiction over Defendant PRIETO. *See Exhibit C*. Defendant PRIETO is an innocent party and is clearly entitled to recover the reasonable attorneys' fees and costs which he pays or incurs to defend against Plaintiff's claims. Plaintiff is well aware that Defendant PRIETO served in the same employment capacity as Plaintiff for

Defendant SANABI and at no time served as Plaintiff's employer. This Court clearly lacks subject matter jurisdiction over Defendant PRIETO.

5. According to Rule 60(b), this Court may, upon motion and upon just terms, relieve a party or its legal representative from a final judgment, order, or proceeding. *Rule 60(b) of the Federal Rules of Civil Procedure.* Defaults are seen with disfavor because of the strong policy of determining cases on their merits. *Gulf Coast Fans, Inc. v. Midwest Electrics Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir.1984); *see Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401–02 (5th Cir. Unit A Jan. 1981) (discussing Rule 60(b) balancing of the desire to preserve the finality of judgments and the desire that a judgment reflect the merits of the case). Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The standard for setting aside an entry of default and the standard for setting aside an entry of default judgment are different from one another. Courts apply an "excusable neglect" standard in evaluating whether or not to set aside a default judgment, but this standard is more rigorous than the "good cause" standard applied in setting aside an entry of default. *Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC*, 896 F.2d 524, 528 (11th Cir.1990). In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc*.,896 F.2d 524, 528 (11th Cir. 1990).

6. As previously stated, Susana Bijani is not an officer of SANABI and is not the Registered Agent and therefore she was not authorized or legally recognized as a person who can accept service for the SABANI nor for Defendant SAADY BIJANI. *See Exhibits A and B and D.* Based upon the foregoing, this Court should set aside and/or vacate the Clerk's Defaults and the Default Final Judgments entered against the three Defendants and thereby allow the Defendants to respond to the allegations and to assert their respective meritorious defenses. Defendant PRIETO's first meritorious defense is that he was not an

4

"employer" of Plaintiff under the Fair Labor Standards Act. Defendant PRIETO's secondary defense is that Plaintiff did not work in excess of forty (40) hours per work week at any time during his employment for Defendants and therefore is not owed unpaid overtime wages by Defendants.

7. According to Rule 60(b)1 of the Federal Rules of Civil Procedure, where there was "mistake, inadvertence, surprise, or excusable neglect", this Court may provide Defendants with relief from a Final Judgment. In the unlikely event that this Court concludes that Susana Bijani was authorized to accept service for Defendants SABANI and SAADY BIJANI, the action and/or inaction of these Defendants under the circumstances should be construed as excusable neglect and justice would require the Court to set aside and/or vacate the Default Final Judgments. Based upon the foregoing, this Court should set aside and/or vacate the Clerk's Defaults and the Default Final Judgments entered against the three Defendants. In addition, Defendant PRIETO does not speak, read nor write English and therefore did not understand the contents or the gravamen of the Complaint and Summons. *See Exhibit C.*

8. Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a judgment is void for lack of personal jurisdiction because of insufficient service of process. In the instant matter, the three Defendants have not waived objections to or denials of personal jurisdiction. As mentioned, there is no subject matter jurisdiction over Defendant PRIETO. At no time have Defendants appeared voluntarily in this action. Furthermore, the three Clerk's Defaults and Final Default Judgements should be set aside and/or vacated as invalid and void. One of the factual situations rendering a final judgment void for the purposes of this Rule is insufficient service of process. See, e.g., *In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). The Clerk's Defaults and the Default Final Judgments entered against Defendants SANABI and Defendant SAADY BIJANI should be set aside and/or vacated because service upon these Defendants is non-existent. In any case, the excusable neglect justifies this Court's setting aside or vacating the judgments.

9. In addition, Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service is to be made in accordance with the laws of the state in which the court is located or the state in which service is

made. Additionally, Rule 4(e)(2) of the Federal Rules of Civil Procedure specifies three methods in which service may be made without regard to state law. As applied here, this means that service upon the Defendants was proper if made in accordance with the laws of Florida (the state in which the Court is located) or in accordance with any of the methods set out in Rule 4(e)(2). The Court can only bind a party with a judgment if the Court has personal jurisdiction over those parties. The service of process was never proper or perfected upon Defendant SANABI nor upon Defendant SAADY BIJANI, either as a registered agent for the corporation nor as an individual. Justice requires this Court to vacate and/or set aside the Default Final Judgments due to the obvious lack of proper service of process.

10. Under the applicable rules, personal jurisdiction is acquired over Defendants if the following three elements are satisfied: A.) If a Florida statute authorizes the exercise of jurisdiction over the defendants; B.) If Due Process was afforded to Defendants as required by United States Constitution's Fifth and Fourteenth Amendments; and 3.) If it is clearly determined that Defendants were "properly brought" before the court by Plaintiff. In the instant action, Plaintiff cannot satisfy any of these three aforementioned elements.

11. In this case, Plaintiff's process server filed Returns of Service identifying "Sandy Bijani a.k.a Saady Bijani" as having been served with the Summons and Complaint. But Susana Bijani, the person upon whom Plaintiff's process server attempted service, is the sister of Defendant SAADY BIJANI and a lower level employee of the corporate defendant. *See Exhibits A and B.* To date, at no time has either Defendant SAADY BIJANI or Defendnat SABANI been served with process by Plaintiff. The individual named by the process server as "Sandy Bijan" is/was actually Susana Bijani, the sister of Defendant SAADY BIJANI. *See Exhibits A and Exhibit B.* Susana Bijani discarded the Complaint and Summons and did not provide same to Defendant

SANABI nor Defendant SAADY BIJANI so neither had any way of knowing of the lawsuit. *See Exhibit B.*

12. Defendant PRIETO is not a proper party to this action as he was an independent contractor of the business and was at no time a corporate officer or Registered Agent of SANABI and Defendant PRIETO has never employed or supervised Plaintiff nor did Defendant PRIETO ever act in a way would have led Plaintiff to believe that he was Plaintiff's employer. *See Exhibits A and C.* Defendant PRIETO cannot possibly be an employer as defined in 29 U.S.C. 203(d).

13. The Court should set aside or vacate the default judgments against the three Defendants in this action because excusable neglect. Defendant SANABI was not properly served because Susana Bijani was not the Registered Agent and had no authority or the capacity to accept service for the corporation and Ms. Bijani did not advise Defendant SAADY BIJANI, the one corporate officer, of the delivery of the papers. Defendant SAADY BIJANI was not properly served with process as his sister, Susana Bijani was not authorized to accept service for Defendant SAADY BIJANI and Ms. Bijani did not advise her brother, Defendant SAADY BIJANI about the papers which were delivered to the office.

14. A party seeking to establish mistake, inadvertence, or excusable neglect under Rule 60(b) must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990).

**All Three Defendants have Meritorious Defenses**

15. First, all three Defendants have meritorious defenses to Plaintiff's claims. Their common contention is that Plaintiff did not work any hours in excess of forty hours in a single work week at any time during his employment for Defendants. The defenses also include a *de minimis* defense. In addition, Defendant PRIETO will assert that at no time was he an employer of the Plaintiff under the Fair Labor Standards Act so there is no jurisdiction over Defendant PRIETO because he was simply another mover and should be afforded the opportunity to assert this position in a Motion to Dismiss and/or as an affirmative defense.

**Plaintiff will not be Prejudiced if the Final Judgments are Set Aside or Vacated**

16. Second, Plaintiff cannot argue that he has been significantly prejudiced by setting aside or vacating the default final judgments. Defendants have moved promptly in seeking to set aside or vacate the judgments. Further, Plaintiff knew or should have known that under the circumstances of the purported service and the shortcomings, it was very likely that the service of process would be challenged once the Defendants became aware of the entry of the judgments. There was a relatively short delay in the case which did not cause any significant impact on the proceedings nor on Plaintiff's rights, damages or positions which are factors which weigh in favor of setting aside or vacating the default judgments entered against Defendants.

17. Rule 60(b)(6) of the Federal Rules of Civil Procedure may be invoked for "any other reason that justifies relief." The appropriate relief for Defendant PRIETO would be a dismissal of this action with prejudice following this Court setting aside or vacating the Clerk's Default and Default Final Judgment due to the lack of subject matter jurisdiction. Defendant PRIETO was at no time Plaintiff's employer in any capacity and therefore this Court lacks subject matter jurisdiction over the claims lodged against Defendant PRIETO. In addition, Defendant PRIETO

8

did not respond to the Summons and Complaint because he does not speak English. Defendant PRIETO and the other Defendants deserve their day in court. Pursuant to the 14th Amendment, Due Process must be afforded to Defendants and denying Defendants their right to present defenses to the case at bar would be a violation of the 5th and 14th Amendments of the United States Constitution.

18. Under Rule 60(b)(6) of the Federal Rules of Civil Procedure, this Court has the authority to set aside and/or Vacate the Clerk's Defaults and Default Final Judgments. This Rule provides this Court with full discretion to achieve a fair and just result. Pursuant to Rule 60(c)(1) of the Federal Rules of Civil Procedure, this motion under Rule 60(b) is timely filed as the Default Orders were entered less than sixty days ago and no more than a year following the entry of the Default Final Judgments.

19. Pursuant to Rule 60(d), this Court may: 1.) Entertain an independent action to relieve a party from a judgment, order, or proceeding; or (2) Grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action

## CONCLUSION

Based upon the foregoing, this Court should allow the Defendants the opportunity to respond to the Complaint and to present their meritorious legal defenses and arguments in the case in chief by setting aside and/or vacating the default final judgments as the Defendants became aware of the legal consequences of the lawsuit only after the Clerk's Default and Default Final Judgments were entered. Plaintiff will not be prejudiced if the Default Final Judgments are set aside or vacated. The Defendants were denied due process and this Court lacked personal jurisdiction over Defendants SAADY BIJANI and SABANI and this Court lacked subject matter jurisdiction over Defendant PRIETO at the time of entry of the Clerks Default and the Final

Default Judgment. The three Defendants were not afforded due process so justice requires that the Court order the relief sought by setting aside or vacating the Clerk's Defaults and the Default Final Judgments under the authority vested by Rule 60(b)(1),(4) and (6). In addition, as a secondary argument, there exists excusable neglect which requires this Court to set aside and/or vacate the Judgments against the Defendants.

WHEREFORE, Defendants SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, SANDY BIJANI and HANIN PRIETO, respectfully request that this Court set aside and/or vacate the Clerk's Defaults and the Default Final Judgments entered against the Defendants and to thereby allow Defendants to respond to the allegations contained in the Complaint and to assert their respective meritorious defenses and positions and to otherwise defend against Plaintiff's claims under the Fair Labor Standard Act and to grant any further relief this Court deems just and proper.

## CERTIFICATE OF COUNSEL

As a good faith effort to resolve the issues herein, counsel for Defendants conferred with counsel for Plaintiff prior to the filing of this Motion, but counsel for the parties did not reach an agreement regarding the relief sought in this motion.

THIS SPACE IS INTENTIONALLY LEFT BLANK

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was provided via CM/ECF and U.S. Mail on June 12, 2017 to the following:

J.H. Zidell, Esq.
Neil Tobak, Esq.
Rivkah F. Jaff, Esq.
J.H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71st Street, Suite 605
Miami Beach, Florida 33141
Zabogado@aol.com
NTobak.zidellpa@gmail.com
Rivkah.jaff@gmail.com

                      **LAW OFFICES OF WILLIAM BRADY, P.A.**
                      4000 Ponce de Leon Blvd.
                      Suite 800
                      Coral Gables, FL 33146
                      Telephone: (305) 358-7688
                      Facsimile: (786) 221-2810
                      Email: wbrady@wbradylaw.com
                                legalassistant@wbradylaw.com
                                maguilera@wbradylaw.com
                                paralegal@wbradylaw.com
                                admin@wbradylaw.com
                                ATTORNEYS FOR DEFENDANTS

                        */s/ William Brady, Jr.*
                      **WILLIAM BRADY, JR., ESQ.**
                      **FLA. BAR NO.: 0054550**