UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Miami Division

ARWIN NICOLAS ZAPATA CARRERO
And all others similarly situated under 29
U.S.C. 216 (b),

   Plaintiffs,

                    Civil Action No. 17-20608-CIV-JAL

v.

SANABI INVESTMENTS LLC d/b/a
OSCAR'S MOVING & STORAGE,
SAADY BIJANI, HANIN PRIETO,

   Defendants,
_____/

### DEFENDANT/JUDGMENT DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND EMERGENCY MOTION TO STAY THE CONDUCTING OF ORAL DEPOSITIONS DUCES TECUM OF DEFENDANTS IN AID OF EXECUTION AND ANY OTHER DISCOVERY IN AID OF EXECUTION

COME NOW, the Defendants/Judgment Debtors, SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, SAADY BIJANI, and HANIN PRIETO (Collectively "Defendants"), by and through the undersigned attorneys, and pursuant to Fed. R. Civ. P. 26 (c), and respectfully moves this Honorable Court, on an emergency basis, for the entry of a protective order and an order staying the conducting of oral depositions (Duces Tecum) of Defendants in aid of execution and as grounds in support thereof state as follows:

1. This is an action filed by Plaintiff claiming that Defendants were his employers and and owe him unpaid overtime wages pursuant to the Fair Labor Standards Act.

2. On March 28, 2017, the Clerk of Court entered a Clerk's Default against Defendant SANABI INVESTMENTS, LLC, and on April 19, 2017, the Clerk of Court entered Clerk's Defaults against the two individual Defendants, SAADY BIJANI and HANIN PRIETO. Unbeknownst to the three Defendants, on April 27, 2017, the Court entered a Final Judgment against all three Defendants in favor of the Plaintiff/Judgment Creditor ARWIN NICOLAS ZAPATA CARRERO ("Plaintiff") in the principal sum of $82,615.00 to accrue post-judgment interest at the statutory rate.

3. On June 12, 2017, Defendants filed their pending Motion to Set Aside Default and/or Vacate Defaults and Default Final Judgment and Incorporated Memorandum of Law, challenging the validity of the service of process upon Defendants and requesting that the Court set aside the Final Judgment based upon the lack of valid service of process on Defendants. Said Motion remains pending before this Honorable Court for consideration, review and adjudication.

4. In aid of execution of the Final Judgment, counsel for Plaintiff has scheduled and noticed the oral depositions (Duces Tecum) of the Corporate Representative of the corporate defendant for Monday, June 19, 2017 at 10:00 a.m. and the oral depositions of the two individual defendants, SAADY BIJANI and HANIN PRIETO for June 30, 2017, at 10:00 a.m. and 12:00 p.m, respectively. The basis of Defendants' aforementioned pending motion is that the Final Judgment remains *void ab initio* for lack of valid service of process on Defendants, and therefore this Court lacks personal jurisdiction over Defendants.

5. Defendants assert that good cause exists for this Court's issuance of an order protecting Defendants from having to prepare for and attend the respective depositions in aid of execution prior to the disposition of Defendants' Motion to Set Aside Default and/or Vacate Defaults and Default Final Judgment and Incorporated Memorandum of Law. Due to Plaintiff seeking to conduct post judgment discovery upon the Defendants aimed at discovering confidential and sensitive financial matters in aid of execution, Defendants move for protective orders and to stay said oral depositions (Duces Tecum) and any other such discovery which will require the disclosure and production of confidential, proprietary and sensitive financial matters while Defendants' aforesaid motion remains pending and unresolved. Justice requires the granting of this relief to avoid exposing Defendants to irreparable damage at this stage of the proceedings.

6. As more fully set forth in the Request for Production of Documents section of the Plaintiff's Notices of Taking Deposition in Aid of Execution Duces Tecum, Plaintiff seeks to discover documentation

and material related to the following broad areas that directly pertain to Defendants' respective financial matters: Bank Records; Real Property; Personal Property; Business Interests; Employment; Tax Returns; Investments and General.

7. While Defendants acknowledge that traditional post judgment discovery, as opposed to pre-trial discovery, does not require or warrant the same level of confidentiality with respect to financial matters, *See Paper Corp. of America v. Schneider*, 563 So.2d 1134 (Fla. Dist. Ct. App. 1990) ("Judgment debtor was not privileged to withhold otherwise relevant financial disclosure if deposed or served with subpoena duces tecum."), the fact that there exists a good faith basis to find a lack of personal jurisdiction which render the Final Judgment void militates against permitting Plaintiff to conduct wide ranging financial discovery in aid of execution unless and until the Court adjudicates the pending motion to vacate.

8. Based upon the present posture of this case, in which the lack of personal service of process upon Defendants would render the Final Judgment *void ab initio* should the Court find a violation of due process, Defendants assert that the legal standard announced in *Banc of America Investment Services* and *Berkeley*. *Banc of America Investment Services v. E. Barnett*, 997 So.2d 1154 (Fla. 3d DCA 2008); *Berkeley v. Eisen* 699 So.2d 789 (Fla. 4th DCA 1997) requires that the Court consider Plaintiff's need for the discovery of confidential and sensitive financial information and weigh such need against the interests of protecting the privacy interests of the Defendants. In this case, at this juncture, where Defendants are presently challenging the validity of the Final Judgments based on Plaintiff's failures to perfect service, justice requires that at this time, the Court prioritize the interest of protecting

Defendants' respective privacy interests until the aforementioned pending motion is ruled upon.

9. While the general rule in Florida is that personal financial information is ordinarily discoverable only in aid of execution after judgment as been entered... where materials sought by a party "would appear to be relevant to the subject matter of the pending action", the information is fully discoverable. *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189 (Fla. 2003) (quoting *Epstein v. Epstein*, 519 So.2d 1042 (Fla. 3d DCA 1988)).

10. But for the question of whether the Final Judgment upon which Plaintiff premises its post-judgment discovery efforts remains subject to invalidation for lack of due process, Defendants would have no alternative but to submit to post-judgment discovery of the kind and nature that Plaintiff seeks to employ in aid of execution.

11. However, in the instant action, the interposition of a good faith motion to invalidate the Final Judgment upon which Plaintiff seeks to enforce militates in favor of withholding the disclosure of sensitive financial information and materials which would otherwise clearly fall into the category of confidential and not subject to dissemination. The undersigned counsel for Defendants filed a Notice of Appearance in this action following Plaintiff's service of a Subpoena for Deposition Duces Tecum (in aid of execution) upon the corporate defendant. Through the undersigned, Defendants then filed the pending Motion to Set Aside Default and/or Vacate Defaults and Default Final Judgment and Incorporated Memorandum of Law. The undersigned attempted to coordinate depositions in aid of execution though the aforementioned motion was pending. The undersigned requested that Plaintiff forego the depositions in aid of execution until such time as the Court ruled upon the aforementioned

pending motion but the request was denied. The fact that the undersigned cooperated with Plaintiff's counsel to coordinate the depositions is irrelevant to the Court's rulings upon the aforementioned pending motion and the instant motion.

12. The undersigned, in good faith requests that the Court consider this motion on an emergency basis due to the statements of opposing counsel to the effect that they will be seeking sanctions against the undersigned and due to the Defendants' pressing need for a stay of the execution of the Final Judgment until this Court is able to rule upon the pending <u>Motion to Set Aside Default and/or Vacate Defaults and Default Final Judgment and Incorporated Memorandum of Law</u>. The statements regarding sanctions are uncalled for and may impact the undersigned's ability to effectively represent Defendants. The sequence of events is simple. The undersigned and Plaintiff's counsel coordinated the deposition of the corporate defendant in aid of execution which Defendant noticed for Monday, June 19, 2017 but due to circumstances and a conflict beyond his control, the undersigned had no choice but to cancel the deposition after Plaintiff's counsel refused to reschedule the deposition even following the undersigned's explanation. At approximately 10:00 a.m. on Thursday, June 15, 2017, the undersigned learned that a long awaited emergency hearing would proceed in a Miami-Dade County Family Court action, in the unified division, before General Magistrate Lieberman, on Monday, June 19, 2017 at 3:30 p.m. *<u>The Second Amended Notice of Emergency Hearing</u> filed in the aforementioned family law matter is attached hereto as "Exhibit A"*. As the undersigned explained to Plaintiff's counsel, at first, the undersigned believed, in good faith, that he would be able to attend the deposition set and noticed for this Monday and to also handle the intense evidentiary hearing in family court on that same day

5

at 3:30 p.m., so long as the deposition was concluded by noon. But the undersigned had planned to prepare for the family court evidentiary hearing with the client on Friday (today) and/or on Saturday (tomorrow) but at approximately 9:00 a.m. this morning, the undersigned was advised by his client that she and the witnesses would not be available to confer and prepare until late Monday morning and afternoon. The undersigned had no choice but to advise Plaintiff's counsel that he could not proceed with the deposition and that the deposition would have to be rescheduled. The most recent response by Plaintiff's counsel is that Plaintiff will move this Court for all attorneys' fees and costs related to the filing of a Motion to Compel and for sanctions against the undersigned for "vexatiously multiplying the proceedings, for bad-faith litigation tactics, and for running up our fees and costs unnecessarily". The undersigned had attempted to accommodate Plaintiff's lawyers by agreeing to June 19th for the deposition of the corporate defendant in aid of execution and had provided several other alternative dates of availability. The depositions of the two individual defendants in aid of execution were coordinated and noticed for June 30, 2017 but this does not mean that Defendants concede that these depositions should go forward. It is Defendants' position that no depositions in aid of execution should go forward until the Court rules upon Defendants' Motion to Set Aside Default and/or Vacate Defaults and Default Final Judgment and Incorporated Memorandum of Law.

13. "[F]or good cause shown", the Court may issue protective orders limiting or withholding the disclosure of confidential and sensitive financial information. Fed R. Civ. P. 26. Defendants respectfully request that this Court enter a Protective Order to protect Defendants from having to subject to depositions and to disclose the confidential, private and sensitive

information and documents until such time as the Court rules upon Defendants' aforementioned pending motion challenging service of process and jurisdiction over Defendants.

14. To justify the entry of a protective order, a party need only make a "threshold showing of good cause to believe that discovery will involve confidential or protected information".

15. At the present juncture, the Defendants maintain that the best and most appropriate course of action remains to stay the disclosure of the confidential, private and sensitive information and material until such time as the Court has ruled upon Defendants' pending motion requesting that this Court set aside or vacate the final judgment upon which Plaintiff premises its wide ranging post-judgment discovery.

16. In compliance with Fed. R. Civ. P. 26 (c), the undersigned certifies that he in good faith conferred with counsel for Plaintiff in an effort to resolve this dispute without court action but that the efforts were unsuccessful.

WHEREFORE, Defendants/Judgment Debtors, SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, SAADY BIJANI, and HANIN PRIETO respectfully request that this Court, on an emergency basis, enter a protective order and an order staying the conducting of oral depositions (Duces Tecum) of Defendants in aid of execution and any other such discovery in aid of execution of the Final Judgments until such time as this Court rules upon <u>Defendants' Motion to Set Aside Default and/or Vacate Defaults and Default Final Judgment and Incorporated Memorandum of Law</u>, and any other relief the Court deems just and proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was provided via CM/ECF and U.S. Mail on June 16, 2017 to the following:

J.H. Zidell, Esq.
Neil Tobak, Esq.
Rivkah F. Jaff, Esq.
J.H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71st Street, Suite 605
Miami Beach, Florida 33141
Zabogado@aol.com
NTobak.zidellpa@gmail.com
Rivkah.jaff@gmail.com

                          LAW OFFICES OF WILLIAM BRADY, P.A.
                          4000 Ponce de Leon Blvd.
                          Suite 800
                          Gables, FL 33146
                          Telephone: (305) 358-7688
                          Facsimile: (786) 221-2810
                          Email: wbrady@wbradylaw.com
                          legalassistant@wbradylaw.com
                          maguilera@wbradylaw.com
                          paralegal@wbradylaw.com
                          @wbradylaw.com
                          ATTORNEYS FOR DEFENDANTS
                          /s/ William Brady, Jr.      .
                          WILLIAM BRADY, JR., ESQ.

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

FAMILY DIVISION
CASE NO.:   2003-6761 FC 26

Domestic Violence Division
Related Case No.: 2017-014436-FC-04

IN RE:

ERICA LOPEZ,

       Petitioner/Mother,

vs.

OCTAVIO CRUZ,

       Respondent/Husband.
_____/

### SECOND AMENDED NOTICE OF EMERGENCY HEARINGS
(90 Minutes – Evidentiary Hearings – Specially Set)

      COMES NOW, the Petitioner/Mother, ERICA LOPEZ, by and through the undersigned counsel, and hereby provides notice that hearings on the following three motions will proceed before **The General Magistrate Steve Lieberman on Monday, June 19, 2017 at 3:30 p.m.** at the UFGM 14 MDC Children's Courthouse, 155 N.W. 3rd Street, Miami, Florida 33128, in Room 11-2, or as soon thereafter as these matters may be heard:

1. Mother's Emergency Motion for Entry of Order Allowing Minor Child the Limited Relief of Attending the Summer Conditional Program at Christopher Columbus High School in Order to Preserve the Option of Minor Child Attending Christopher Columbus High School for the 2017/2018 Academic Year

2. Mother's Verified Emergency Motion for Entry of Order Approving of Minor Child to Attend Christopher Columbus High School for the 2017/2018 School Year Commencing with the Summer Program Beginning on June 14, 2017, et al.

Exhibit "A"

3. Mother's Emergency Motion to Suspend Father's Timesharing Pending the Court's Ruling Upon Mother's Emergency Motion and Pending Psychological Evaluation of Father

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically served in compliance with Rule 2.516(a) and Administrative Order 13-49 through Florida Courts E-filing Portal on this **15th of June, 2017** to: Nadja A. Prias, Esq., 200 Biscayne Boulevard, Suite 3150, Miami, FL. 33131, E-mail: Nadja@casaislaw.com and Jeanin@casaislaw.com; and Cindi Kamen, Esq., Guardian Ad Litem, 10631 North Kendall Drive, Suite 205, Miami, FL. 33176 – E-mail: Cindi@cindikamenlaw.com

**LAW OFFICES OF WILLIAM BRADY, P.A.**
4000 Ponce de Leon Blvd.
Suite 800
Coral Gables, FL 33146
Telephone: (305) 358-7688
Facsimile: (786) 221-2810
Email: wbrady@wbradylaw.com
*Counsel for Petitioner/Mother*

\_\_\_\_\_/s/ William Brady, Jr._____
**WILLIAM BRADY, JR., ESQ.**
**FLA. BAR NO.: 0054550**
admin@wbradylaw.com
paralegal@wbradylaw.com