UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-20608-CIV-LENARD/GOODMAN

ARWIN NICOLAS ZAPATA CARRERO,

    Plaintiff,

v.

SANABI INVESTMENTS LLC, et al.,

    Defendants.

_____/

**OMNIBUS ORDER ON POST-JUDGMENT DISCOVERY MOTIONS**

Defendants filed an Emergency Motion for Protective Order and Emergency Motion to Stay the Conducting of Oral Depositions Duces Tecum of Defendants in Aid of Execution and Any Other Discovery in Aid of Execution ("Motion for Protective Order and For Discovery Stay"). [ECF No. 38]. Plaintiff filed a response in opposition to Defendants' Motion and a Motion to Compel Defendant, Sanabi Investments LLC's, d/b/a Oscar's Moving & Storage, Deposition in Aid of Execution Duces Tecum and for Sanctions ("Motion to Compel"). [ECF Nos. 40; 41]. United States District Judge Joan A. Lenard referred these motions to the Undersigned. [ECF Nos. 39; 42]. On June 26, 2017, the Undersigned held a hearing on these Motions and **ORDERS** as follows:

Counsel shall file, by today, all emails pertaining to the setting, rescheduling, and/or postponing of the depositions in aid of execution. For these filings, the parties must redact all information about settlement discussions.

1

The Undersigned cannot comment on Defendants' pending Motion to Vacate and/or to Set Aside the Default Final Judgment because Judge Lenard has not referred it to me, and, even if she did, this motion is not yet ripe.

Even so, the Undersigned finds that the only way Defendants can obtain any relief as to their pending motion -- that the Default Judgment is defective based on improper service -- is by putting discovery on hold. However, the ultimate determination of the Motion's merits is reserved for Judge Lenard.

Accordingly, the Undersigned **grants** Defendants' Motion for Protective Order and For Discovery Stay [ECF No. 38] and **denies** Plaintiff's Motion to Compel [ECF No. 41]. The Protective Order will remain in effect until a ruling is rendered on the Motion to Vacate and/or to Set Aside the Default Final Judgment.

However, Defendants may not destroy, remove, transfer, hide, or transform any documents, financial records, or electronically stored information requested in Plaintiff's subpoenas. If it turns out that Defendants have in fact tampered with the evidence, then the consequences will be substantial.

Furthermore, the Undersigned tentatively[1] requires Defendants to pay Plaintiff $1,575.00 (for attorneys' fees and non-appearance fees at the deposition) by June 30,

---

[1] The Undersigned has based this tentative ruling on the parties' filings and argument at the June 26, 2017 hearing, which evidenced Defendants' inconsistent position of cooperating with Plaintiff's counsel to schedule depositions, while, at the same time, arguing that discovery in aid in execution is improper pending Judge Lenard's ruling on the Motion to Vacate and/or to Set Aside the Final Default Judgment.

2017. Defendants shall, by July 3, 2017, submit to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov) -- but not on CM/ECF -- an affidavit or declaration confirming that Defendants in fact made the payment.[2]

After reviewing the email submissions, the Undersigned may modify or eliminate the fee award or may alter the deadlines imposed for the payment and the filing of the compliance affidavit.

**DONE and ORDERED** in Chambers, in Miami, Florida, on June 27, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record

---

The Undersigned reverses enforcement of this tentative fee award until after I review the notices of filing with the complete record of emails pertaining to the setting, rescheduling, and/or postponing of the depositions in aid of execution.

[2] The Undersigned does not deem this expense-shifting award to be a sanction or the imposition of discipline. Instead, it is simply a cost-shifting or fee-shifting mechanism.