IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CV-20608-JAL

ARWIN NICOLAS ZAPATA CARRERO
and all others similarly situated under
 29 U.S.C.216(B)

 vs

SANABI INVESTMENTS LLC d/b/a
OSCAR'S MOVING & STORAGE,
SANDY BIJANI, HANIN PRIETO
_____/

**DEFENDANT (S) SANABI INVESTMENTS LLC d/b/a**
**OSCAR'S MOVING & STORAGE, SANDY BIJANI, HANIN PRIETO**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants by and through defendant's undersigned counsel, respectfully files their answer and affirmative defenses to Arwin Nicolas Zapata Carrero Complaint (hereinafter the "complaint") and states as follows:

**ANSWER**

**PRELIMINARY ALLEGATIONS (PARTIES)**

1.      Defendants admit the allegations contained in paragraph 1 of the complaint.

2.      Defendants lacks sufficient knowledge of the allegations contained in paragraph 2 of the complaint.

3.      Defendants admit that they are a limited liability company in paragraph 3, but deny the remainder of the allegations.

4.      Defendants admit the allegations contained in paragraph 4 of the complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the complaint.

9.      Defendants admit that the law cited in paragraph 9 of the complaint is a federal law.

10.     Defendants deny the allegations contained in paragraph 10 of the complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the complaint.

13.     Defendants admit the allegations contained in paragraph 13 of the complaint.

14.     Defendants admit the allegations contained in paragraph 14 of the complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the complaint.

## DEFENDANTS' ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

1.      The Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

#### Third Affirmative Defense

3.      Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

#### Fourth Affirmative Defense

4.      At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**Fifth Affirmative Defense**

5.      Defendants did not know or show reckless disregard for whether their conduct  was prohibited by the FLSA.

**Sixth Affirmative Defense**

6.      This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

**Seventh Affirmative Defense**

7.      In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

**Eight Affirmative Defense**

8.      To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Florida.

**Ninth Affirmative Defense**

9.      Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

**Tenth Affirmative Defense**

10.     Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

### Eleventh Affirmative Defense

11.     To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred

from such recovery.

### Twelfth Affirmative Defense

12.     Without assuming the burden of proof, Plaintiffs were compensated for all hours worked,

which none were in excess of 40 hours in any particular workweek.

### Thirteenth Affirmative Defense

13.     Without assuming the burden of proof, Defendants complied with all recordkeeping

requirements of the FLSA.

### Fourteenth Affirmative Defense

14.     The Plaintiff's claims are estopped by the submission of his/their own time records, for

which Defendants compensated them for all overtime worked and claimed.

### Fifteenth Affirmative Defense

15.     Without assuming the burden of proof, Plaintiffs and the possible members of the

purported class or collective action are not similarly situated. The potential claims alleged

in paragraph 7 of the purported class members reflect variability.

### Sixteenth Affirmative Defense

16.     Defendants' actions were in good faith conformity with and/or reliance on administrative

regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Seventeenth Second Affirmative Defense

17.     Defendants reserve the right to assert further affirmative defenses as they become

evident through discovery investigation.

### Eighteenth Affirmative Defense

18.     All actions taken by Defendants with respect to Plaintiff were supported by legitimate

business reasons.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their answer be

deemed good and sufficient and all claims by Plaintiff against Defendants be dismissed, with

prejudice, and such other and further relief, legal and equitable, including attorney's fees, be

awarded Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed to all registered
E-filing, J.H. Zidell, Esq Jamie H. Zidell 300 71st Street Suite 605 Miami Beach, FL 33141 at
ZABOGADO@AOL.COM on this 13th day of December, 2017.

R. APONTE & ASSOCIATES, PLLC.
8180 NW 36 Street Ste. 301
Doral, Fl. 33166
(305)753-9600/ 786-360-3263
E-fax: 305-455-9665
By: _____/S/ Rosy Aponte_____
ROSY A. APONTE,
Florida Bar No.: 54977
Email:a2aponte@aol.com
