UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-20608-CIV-LENARD/GOODMAN

ARWIN NICOLAS ZAPATA CARRERO,

    Plaintiff,

v.

SANABI INVESTMENTS LLC, et al.,

    Defendants.

_____/

**ORDER CONCERNING DEFENDANT'S FAILURE
TO APPEAR AT THE SETTLEMENT CONFERENCE**

The Undersigned scheduled a settlement conference for January 24, 2018, at 9:30 AM. [ECF No. 75]. Plaintiff, Plaintiff's counsel, Defendant Sandy Bijani (individually and on behalf of Defendant Sanabi Investments LLC), and defense counsel appeared. However, Defendant Hanin Prieto failed to appear.

The Order scheduling the mediation specifically required all individual parties to attend. [ECF No. 75, p. 2]. The Court was compelled to cancel the mediation because not all parties were present.

At the hearing, defense counsel claimed that Defendant Hanin Prieto was not required to appear despite the Undersigned's Order because she believes that Mr. Prieto is not a proper defendant in this action. The Undersigned disagrees because (1) defense counsel never filed a motion to excuse Mr. Prieto from attending the settlement

conference; (2) no motion has been filed to dismiss Mr. Prieto from the case; and, (3) because of that, United States District Judge Joan A. Lenard has not entered an order dismissing Mr. Prieto from this action.

Accordingly, counsel shall, by January 31, 2018, contact the Undersigned's Chambers to select a new settlement conference date that is convenient for all parties. **ALL** parties shall timely appear at the next scheduled settlement conference.

Additionally, defense counsel Rosy Anette Aponte shall, by January 31, 2018, pay $850.00 to Plaintiff's counsel for Plaintiff's fees, interpreter costs, and lost wages.[1] Defense counsel shall not directly or indirectly pass on this award as a cost item or reimbursement demand to her clients. Additionally, she may not seek or obtain reimbursement from her firm for this payment.

Defense counsel shall also submit an affidavit of compliance, confirming payment, to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov), not on CM/ECF, within two days of making the payment.

The Undersigned does not deem this expense-shifting award to be an indication that Mr. Prieto or his counsel acted in bad faith. Rather, it is merely a *consequence* of Mr.

---

[1] $600.00 is for two hours of Plaintiff's counsel's attorney's fees at a billable rate of $300.00/hour. $150.00 is for Plaintiff's lost wages and $100.00 is for the interpreter costs.

Prieto's attorney-directed failure to appear at the scheduled settlement conference. It is not a disciplinary sanction of any kind.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on January 24, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All counsel of record