UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL/JG

ARWIN NICOLAS ZAPATA CARRERO and )
all others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiffs, )
  vs. )
 )
SANABI INVESTMENTS LLC d/b/a )
OSCAR'S MOVING & STORAGE, )
SANDY BIJANI,[1] )
HANIN PRIETO, )
 )
        Defendants. )
_____ )

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [DE111][2]**

COMES NOW the Plaintiff, by and through undersigned counsel, and files his Response to the Court's Order to Show Cause [DE111] and in support thereof states as follows:

1. On June 1, 2018, the Corporate Defendant, Sanabi Investments LLC, filed a Suggestion of Bankruptcy [DE111] seeking to stay this action pursuant to 11 U.S.C. Sec. 362.

2. Pursuant to 11 U.S.C. § 362, certain actions against **only** the Corporate Defendant, Sanabi Investments LLC, are automatically stayed by virtue of the bankruptcy filing.

---

[1] The individual Defendant's name is reflected in this lawsuit as "Sandy Bijani." Upon further review and independent investigation, there was a scrivener's error and the spelling of the individual Defendant's name is herein corrected through interlineations to reflect "SAADY BIJANI," as also reflected on the Florida Department of State the Division of Corporations.

[2] Plaintiff will review the Petition of the Corporate Defendant, Sanabi Investments LLC d/b/a Oscar's Moving & Storage, to ensure that Plaintiff and/or J.H. Zidell, P.A., have been listed as a creditor.

3. Because only the Corporate Defendant, Sanabi Investments LLC, has apparently filed a Bankruptcy Petition an automatic stay is not justified as to the individual Defendants, SANDY BIJANI[3] and HANIN PRIETO.

4. An automatic stay as to the individual Defendants would permit said Defendants to avoid their wage debt and such a delay of Plaintiff's wages would be unjust. Moreover, allowing the individual Defendants to benefit from the Corporate Defendant's Bankruptcy Petition would nullify the purpose of joint enterprise liability which is unique under the FLSA.

5. Therefore, Plaintiff respectfully requests this matter be stayed only as to the Corporate Defendant, Sanabi Investments LLC, and for Plaintiff to otherwise proceed as to the individual Defendants, SANDY BIJANI[4] and HANIN PRIETO, in this matter.

## **MEMORANDUM OF LAW**

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, *Elliott Travel*

---

[3] The individual Defendant's name is reflected in this lawsuit as "Sandy Bijani." Upon further review and independent investigation, there was a scrivener's error and the spelling of the individual Defendant's name is herein corrected through interlineations to reflect "SAADY BIJANI," as also reflected on the Florida Department of State the Division of Corporations.

[4] The individual Defendant's name is reflected in this lawsuit as "Sandy Bijani." Upon further review and independent investigation, there was a scrivener's error and the spelling of the individual Defendant's name is herein corrected through interlineations to reflect "SAADY BIJANI," as also reflected on the Florida Department of State the Division of Corporations.

*& Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status. *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991). Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982). *See also*, *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

Plaintiff has sufficiently plead in the operative Complaint that the individual Defendants, SANDY BIJANI[5] and HANIN PRIETO, were the "employers" of Plaintiff and were responsible

---

[5] The individual Defendant's name is reflected in this lawsuit as "Sandy Bijani." Upon further review and independent investigation, there was a scrivener's error and the spelling of the

for compliance with the FLSA (the corporation is a separate Defendant that did not file for bankruptcy protection and is not entitled to benefit from a stay).

The Corporate Defendant will not need to defend this action. Defendants cannot argue that the Corporate Defendant is the only real party defendant. *Peterson v. Avantair, Inc.*, 2013 WL 4506414 (M.D. Fla. 2013). With respect to *A.H. Robins Co., Inc.,* this Court has found that "there are certain circumstances where postponement itself is an injustice, such as where a party specifically bargains for the concession of a personal guaranty so as to ensure *timely* payment of a debt, or, as in this case, clear title to real property." *A.H. Robins Co., Inc. v. Piccinin*, 788 F. 2d 994, 999 (4th Cir. 1986); *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 736 (S.D. Fla. 2010). A stay as to the individual Defendants, in the case at bar, would cause a delay in prosecution to Plaintiff's detriment, and would prejudice his wage claim and collection.

In the case at bar, permitting the individual Defendants to avoid their wage debt is no different than the "injustice" referenced by *Lerner*. In other words, implementing a stay or otherwise allowing the individual Defendants to benefit from the Corporate Defendant's Bankruptcy Petition to delay payment of Plaintiff's wages would be unjust, and, moreover, such would nullify the purpose of individual FLSA which is unique under the FLSA (and alleviates the need to pierce the corporate veil through a high-threshold, such as fraud).

If the Court allows individual defendant-employers to usurp the FLSA by benefitting from a Corporation's bankruptcy petition, such would nullify the unique enforcement power of the statute which ensures that employers cannot simply escape liability for wage violations by causing the company to become a defunct shell.

---

individual Defendant's name is herein corrected through interlineations to reflect "SAADY BIJANI," as also reflected on the Florida Department of State the Division of Corporations.

WHEREFORE PLAINTIFF SO RESPONDS THAT A STAY SHOULD BE ENTERED ONLY AS TO THE CORPORATE DEFENDANT, SANABI INVESTMENTS LLC, AND FOR PLAINTIFF TO OTHERWISE PROCEED AS TO THE INDIVIDUAL DEFENDANTS, SANDY BIJANI[6] AND HANIN PRIETO, IN THIS MATTER.

                                      Respectfully submitted,

                                      J. H. ZIDELL, P.A.
                                      ATTORNEYS FOR PLAINTIFF
                                      300-71ST STREET, SUITE 605
                                      MIAMI BEACH, FLORIDA 33141
                                      305-865-6766
                                      305-865-7167

                                      By:_s/ Rivkah F. Jaff, Esq. ___
                                          Rivkah F. Jaff, Esquire
                                          Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 6/4/18 TO:**

**ADI AMIT, ESQ.**
**LUBELL & ROSEN, LLC**
**200 S. ANDREWS AVENUE, SUITE 900**
**FORT LAUDERDALE, FL 33301**
**PH: 954-755-3425**
**FAX: 954-755-2993**
**EMAIL: ADI@LUBELLROSEN.COM**

**BY:__/s/____Rivkah F. Jaff_____**
      **RIVKAH F. JAFF, ESQ.**

---

[6] The individual Defendant's name is reflected in this lawsuit as "Sandy Bijani." Upon further review and independent investigation, there was a scrivener's error and the spelling of the individual Defendant's name is herein corrected through interlineations to reflect "SAADY BIJANI," as also reflected on the Florida Department of State the Division of Corporations.