UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL/JG

| | |
|---|---|
| ARWIN NICOLAS ZAPATA CARRERO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, SANDY BIJANI,[1] HANIN PRIETO, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## NOTICE OF DISCOVERY HEARING BEFORE THE HONORABLE MAGISTRATE JUDGE JONATHAN GOODMAN

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE JONATHAN GOODMAN, at the 11th Floor of the James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, FL 33132, on July 3, 2018, at 2:30 p.m.

Plaintiff is requesting the Court address issues with respect to Defendants' objections and responses to Plaintiff's initial set of discovery, directed towards each Defendant[2].

---

[1] The individual Defendant's name is reflected in this lawsuit as "Sandy Bijani." Upon further review and independent investigation, there was a scrivener's error and the spelling of the individual Defendant's name is herein corrected through interlineations to reflect "SAADY BIJANI," as also reflected on the Florida Department of State the Division of Corporations.

[2] The Corporate Defendant,SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, has filed a Suggestion of Bankruptcy [DE110]. Pursuant to 11 U.S.C. § 362, certain actions against **only** the Corporate Defendant, Sanabi Investments LLC, are automatically stayed by virtue of the bankruptcy filing. Should this Court grant a stay as to Corporate Defendant, Sanabi Investments LLC, automatic stay is not justified as to the individual Defendants and said

  a. Plaintiff served Defendants with their initial discovery, including First set of Interrogatories, First Request for Production, and First Request for Admissions on March 16, 2018. Therefore, Defendants responses were due April 15, 2018.

  b. On April 19, 2018, Defendants, untimely, served responses to Plaintiff's First set of Interrogatories, First Request for Production and First Request for Admissions (collectively referred to as "initial discovery")

  c. Defendants responses were **not** served within thirty (30) days after said discovery was propounded pursuant to Fed.R.Civ.P. 33, 34, and 36. The Parties **did not** agree to an extension of time for Defendants to respond to said discovery.

  d. All Defendants failed to timely respond to Plaintiff's initial discovery. Therefore, Plaintiff respectfully requests for Plaintiff's First Request for Admissions directed towards Defendants to be deemed admitted by operation of the law and all objections waived and for entry of an Order as to same.

  e. Federal Rule of Civil Procedure 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The rule operates automatically; once a party fails to answer the requests for admissions, the matters are admitted. *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992).

  f. Further, as Defendants failed to timely respond to Plaintiff's First Request for Production and First Set of Interrogatories, Plaintiff respectfully requests entry of an Order that all objections have been waived and all responsive documents shall be

---

Hearing should proceed as to the individual Defendants.

produced within fourteen (14) days of the Court's Order.

      g. Additionally, Plaintiff specifically seeks to compel better responses to Plaintiff's First Set of Interrogatories Nos.: 5, 7, 8 and 10. These are relevant to information and/or witnesses related to Plaintiff's allegations in the Complaint (i.e. hours worked, job duties, wages, etc.), affirmative Defenses, and classification of Defendants' workforce. Plaintiff specifically seeks to compel better responses to Plaintiff's First Set of Interrogatories No.: 6. This request is specifically relevant to interstate commerce prong of FLSA coverage.[3]

      h. Plaintiff also seeks to compel better responses to Plaintiff's First Request for Production Nos.: 15, 18, 32, 40, 41, 42, 43, 44, 45, 46, 47, 48, 58, 84, 85, 86, 87. These are specifically relevant to the question of Plaintiff's employment status and impeachment evidence. Plaintiff additionally seeks to compel better responses to Plaintiff's First Request for Production Nos.: 8, 9, 10. These are specifically relevant to the interstate commerce prong of FLSA coverage.[4]

      i. Furthermore, Defendants have set forth "general objections" to all responses to Plaintiff's First Request for Production, in violation of this Court's discovery procedures [DE87], and therefore, should be struck and/or withdrawn.

---

[3] Defense Counsel Adi Amit, Esq., in a telephonic discovery conferral, verbally agreed to admit that Defendants had two or more employees during the relevant time period that handled goods which had traveled in interstate commerce. Plaintiff sent a draft Joint Stipulation to Narrow the Issues at Trial (on 5/29/18) to be filed on the record and, to date, Defendants have not provided their revisions or confirmed same can be filed. As such, there is no stipulation on the record as to interstate commerce and, in an abundance of caution, Plaintiff herein moves to compel responses and responsive documents to same until such time as there is a stipulation on the record as to same. Plaintiff will not pursue said responses and responsive documents once there is a stipulation submitted to the Court.

[4] *See,* FN3.

j. Plaintiff served Defendants with their supplemental discovery, including Supplemental Set of Interrogatories and Supplemental Request for Production on April 24, 2018. Therefore, Defendants responses were due May 24, 2018.

k. As of the date of submission of the instant Notice, **Defendants have failed to serve any responses to Plaintiff's Supplemental discovery dated 4/24/18**.

l. Defendants responses were **not** served within thirty (30) days after said discovery was propounded pursuant to Fed.R.Civ.P. 33, 34, and 36. The Parties **did not** agree to an extension of time for Defendants to respond to said discovery.

m. As Defendants have failed to timely serve Responses to Plaintiff's Supplemental set of Interrogatories and Supplemental Request for Production, Plaintiff respectfully requests the Court enter an Order that all objections have been waived and ordering Defendants to respond completely and to produce all responsive documents to each Interrogatory with verified responses and respond to each Request for Production within fourteen (14) days of the Court's Order.

n. Plaintiff seeks all fees and costs related to the Hearing and all related work per Rule 37 and the Court's inherent power.

o. Plaintiff will provide the Court with the source documents as via email.

**Certificate of Good Faith Conferral Pursuant to L.R. 7.1(a)(3)**

Plaintiff's Counsel conferred with Defense Counsel, Adi Amit, Esq., via email and telephonically. The Parties were unable to resolve the discovery disputes herein noticed. The parties will advise the Court immediately should said above issues be resolved as the Parties continue to confer.

Respectfully submitted,

J. H. ZIDELL, P.A.

          ATTORNEYS FOR PLAINTIFF
          300-71ST STREET, SUITE 605
          MIAMI BEACH, FLORIDA 33141
          305-865-6766
          305-865-7167

          By:_s/ Neil Tobak, Esq. ___
            Neil Tobak, Esquire
            Florida Bar No.: 93940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 6/4/18 TO:**

**Adi Amit, Esq.**
**Lubell & Rosen, LLC**
**200 S. Andrews Avenue, Suite 900**
**Fort Lauderdale, FL 33301**
**Telephone: 954-880-9500**
**Fax: 954-755-2993**
**Email: adi@lubellrosen.com**

    **BY:__/s/___Neil Tobak_____**
      **NEIL TOBAK, ESQ.**