UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-20608-CIV-LENARD/GOODMAN

ARWIN NICOLAS ZAPATA CARRERO,

    Plaintiff,

v.

SANABI INVESTMENTS LLC, et al.,

    Defendants.

_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

Plaintiff filed a notice of hearing concerning a discovery dispute. [ECF No. 113]. On July 3, 2018, the Undersigned held a hearing to resolve the discovery dispute. [ECF No. 117]. At the hearing, the Undersigned **ordered** as follows:

Regarding Plaintiff's Supplemental Set of Interrogatories and Supplemental Request for Production, by July 17, 2018, the individual Defendants shall provide Plaintiff with complete, good faith, written and verified responses and documents. The individual Defendants have waived all objections and privileges to this supplemental discovery. The Undersigned's finding is not an indication of discovery misconduct, but rather, is a consequence based on the individual Defendants' unacceptable delay in responding to Plaintiff's supplemental discovery requests.

Regarding Plaintiff's First Set of Interrogatories Nos. 5, 7, 8, and 10, by July 17,

2018, the individual Defendants shall provide Plaintiff with better answers; however, the individual Defendants' objections and privileges are not waived.

Regarding Plaintiff's First Request for Production Nos. 15, 18, 32, 40-48, 58, 84-85, and 97, by July 17, 2018, the individual Defendants shall provide Plaintiff with better responses; however, the individual Defendants' objections and privileges are not waived. If the individual Defendants are not in possession of responsive documents, then they must say so by that same date.

The Undersigned will not deem Plaintiff's First Request for Admissions as admitted by default.

In addition, as authorized by Federal Rule of Civil Procedure 37(a)(5)(A), the individual Defendants and their former lawyer Rosy Aponte (based on her inadequate interrogatory answers and her irrelevant and inapplicable document responses) shall also, by July 17, 2018, pay $1,200[1] to Plaintiff for the attorney's fees he has incurred litigating this discovery dispute. Ms. Aponte and the individual Defendants shall each, within two days of making the payment, submit to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov) -- but not file on CM/ECF -- an affidavit or declaration confirming that they in fact made the payment.[2]

---

[1]    Half of this sum must come from Ms. Aponte and the other half must come from the individual Defendants.

[2]    The Undersigned does not consider a Rule 37(a)(5)(A) expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad

Current defense counsel shall immediately forward a copy of the order to Ms. Aponte and file a declaration confirming service on CM/ECF once service occurs. Current defense counsel can serve a copy on this Order on Ms. Aponte by email.

**DONE and ORDERED** in Chambers, in Miami, Florida, on July 9, 2017.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record

---

faith. Rather, it is merely a **consequence** of taking certain unsuccessful discovery positions. Thus, this Order would not require Ms. Aponte (or the individual Defendants themselves) to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial-nominating commission, by a client, or by a prospective client) if they had ever been sanctioned or disciplined.