UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

ARWIN NICOLAS ZAPATA CARRERO and )
all others similarly situated under 29 U.S.C. )
216(b), )
                                               Plaintiffs, )
        vs. )
)
SANABI INVESTMENTS LLC d/b/a )
OSCAR'S MOVING & STORAGE, )
SAADY BIJANI a/k/a SANDY BIJANI, )
HANIN PRIETO, )
)
                                               Defendants. )
_____ )

## **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**[1]

COMES NOW the Plaintiff, by and through undersigned counsel, and moves for partial summary judgment as follows:

1. This matter includes claims that sound under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 for unpaid overtime wages owed to Plaintiff, a mover, as a matter of law. [DE1].[2]

2. Plaintiff moves for Summary Judgment and asks the Court to find that the individual Defendant, HANIN PRIETO ("Defendant") was Plaintiff's individual "employer" as a matter of law.

3. For the reasons set forth *infra*, Plaintiff moves for Partial Summary Judgment and asks

---

[1] This matter has been stayed as to Defendants, SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, and SAADY BIJANI a/k/a SANDY BIJANI, pursuant to 11 U.S.C. Sec. 362. *See,* Suggestion of Bankruptcy [DE110], [DE121]; *See also,* [DE114], [DE127].

[2] Plaintiff refers to the Joint Stipulation to Narrow Issues for Jury Trial [DE115] as it relates to this matter and respectfully requests the Court take Judicial Notice of same.

the Court to enter judgment in favor of Plaintiff.

## MEMORANDUM OF LAW

### Summary Judgment Standard.

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

### Defendants Were Plaintiff's FLSA Employer As A Matter Of Law.

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming

weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Plaintiff worked for the Defendants as a mover from on or about June 2006[3] through on or about February 10, 2017. Pl. Aff. ¶4. When any piece of furniture was damaged and/or allegedly damaged, said damages and/or alleged damages were deducted from Plaintiff's wages. Pl. Aff. ¶5. As Plaintiff worked in a moving crew, more often than not the damages and/or alleged damages were not as a result of Plaintiff's actions and regardless of same it negatively affected the total wages Plaintiff received. Pl. Aff. ¶5.

"An FLSA plaintiff may seek relief from multiple employers, as the statute contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *Mendoza v. Discount C.V. Joint Rack & Pinion Rebuilding, Inc.,* 101 F.Supp.3d 1282, 2190 (S.D. Fla. 2015) (Goodman, Mag. J)(quoting *Kendrick v. Eagle Int'l Group, LLC,* 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009)(Marra, J.)).

During the relevant time period, Plaintiff witnessed the individual Defendant, Saady Bijani a/k/a Sandy Bijani, sign blank checks and then provide them to the individual Defendant, Hanin Prieto. Pl. Aff. ¶6. The individual Defendant Hanin Prieto would then fill in the necessary information related to wages and hand out the checks to the various other employees; this was regularly the process in order to receive Plaintiff and his co-workers' wages. Pl. Aff. ¶6. If something was damaged on a job, Hanin Prieto would regularly determine the amount of money to be deducted from the employee's wages, if any. Pl. Aff. ¶7.

---

[3] In the previously filed Affidavit [DE24-1] there was a scrivener's error with regards to the year I started working for Defendants which is corrected here.

This demonstrates Defendant PRIETO had financial control over Plaintiff which is a significant factor in determining "employer" status. *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).

On a daily basis, the individual Defendant, Hanin Prieto, would assign Plaintiff and the other employees (i.e. other movers) to the assigned truck(s) and which employees would be assigned to which specific jobs. Pl. Aff. ¶8. The individual Defendant, Hanin Prieto, would regularly call Plaintiff to see how Plaintiff was doing with client(s) and then Plaintiff would overhear the client(s) on the phone with the individual Defendant, Hanin Prieto, following up after talking on the phone with Plaintiff. Pl. Aff. ¶9. If a new employee started, the individual Defendant Hanin Prieto would call Plaintiff and ask Plaintiff how the new employee was doing and to provide him with a status update. Pl. Aff. ¶10. The individual Defendant Hanin Prieto had the authority to fire employees. Pl. Aff. ¶11. Plaintiff recalls on once or twice witnessing the individual Defendant Hanin Prieto telling Plaintiff's co-worker that it was not working out and that he was terminated. Pl. Aff. ¶11.

In the case at bar, the record is clear that the individual Defendant PRITEO was Plaintiff's "employer." Defendant Hanin Prieto would supervise employees. *See,* Depo. Trans. Polanco P.14, L.15-P.16, L.18. During the relevant time period, on a weekly basis, the individual Defendants, Saady Bijani a/k/a Sandy Bijani and Hanin Prieto, would conduct meetings with all the employees and in these meetings the individual Defendant, Hanin Prieto, would ask about

specific employees and discipline any employees that did not have good quality work that week. Pl. Aff. ¶12. During the relevant time period, the individual Defendant, Hanin Prieto, would also make employees' schedules and assign Plaintiff and his co-workers to their respective groups. Pl. Aff. ¶13.

Under the law set forth *supra* and such facts demonstrate that the individual Defendants were Plaintiff's individual FLSA employers as a matter of law.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter Summary Judgment in favor of Plaintiff and find that the individual Defendant, HANIN PRIETO was Plaintiff's individual "employer" as a matter of law

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/11/19 TO:**

**HANIN PRIETO**
*PRO SE*
**11431 NW 107 ST., SUITE #13
MIAMI, FL 33178**

**BY:_____/s/ Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**