**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 17-20608-CIV-JAL**

| | |
|---|---|
| ARWIN NICOLAS ZAPATA CARRERO and all others similarly situated under 29 U.S.C. § 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, SAADY BIJANI a/k/a SANDY BIJANI, HANIN PRIETO, | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff Arwin Nicolas Zapata Carrero ("Plaintiff"), by and through undersigned counsel, and files this Reply in Support of Plaintiff's Motion for Partial Summary Judgment, and would respectfully show as follows:

**Background**

1. This is an action that includes claims brought under the Fair Labor Standards Act 29 U.S.C. §§201-216 (the "FLSA") for unpaid overtime wages. (**DE 1**).

2. On January 11, 2019, Plaintiff moved for summary judgment as to the issue of Defendant Hanin Prieto's ("Prieto") status as Plaintiff's individual "employer" as a matter of law. (**DE 135**).

3. While Defendant Prieto did not originally respond to Plaintiff's Motion for Partial Summary Judgment and that motion was initially granted,[1] Defendant Prieto later submitted a sworn affidavit which the Court construed as a motion for reconsideration of the order granting Plaintiff's Motion for Summary Judgment.[2] *See* (**DE 146**).

4. The Court's March 12, 2019 Order Granting Motion for Reconsideration found, in relevant part, that Defendant Prieto's Sworn Affidavit and Reply Affidavit may controvert Plaintiff's Statement of Material Facts and granted the motion for reconsideration, vacating the earlier order granting Plaintiff's Motion for Summary Judgment, and providing Plaintiff with seven days to file a reply arguing that Defendant Prieto's Affidavits fail to establish the existence of a genuine issue of material fact. (**D.E. 146**).

5. Plaintiff's deadline to file a reply is March 19, 2019 and this reply is filed before that deadline expires. For the reasons set out below, Prieto's Affidavits fail to establish the existence of a genuine issue of material fact and Plaintiff's Motion for Partial Summary Judgment should be granted.

**Argument and Authorities**

Summary Judgment Standard

6. The general summary judgment standard was previously set out in Plaintiff's Motion for Summary Judgment and in the Court's vacated Order Granting Plaintiff's Motion for Partial Summary Judgment. (**DE 135**) and (**DE 137**), respectively. Of particular importance to the current matter is the following:

> "For issues for which the movant would bear the burden of proof at trial, the party seeking summary judgment "must show

---

1) *See* (**D.E. 137**).
2) Prieto's Sworn Affidavit was filed February 8, 2019 as (**D.E. 138**) and was later followed by a second affidavit referred to as the "Reply Affidavit," filed on March 1, 2019 as (**D.E. 145**).

> affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'"

United States v. Rubi, Case No. 14-cv-24814, 2015 WL 12556301, at *1 (11th Cir. 2015) (citing and quoting Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)).

Prieto's Affidavits Do Not Bring Forward Significant, Probative Evidence Demonstrating the Existence of a Triable Issue of Fact As to His Status As Plaintiff's FLSA Employer

7. FLSA employers are "any person acting directly or indirectly in the interest of an employer in relation to an employee." See e.g. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2018) (quoting 29 U.S.C. § 203(d)).  In Lamonica v. Safe Hurricane Shutters, Inc., the 11th Circuit explored and defined the issue of FLSA employer status when dealing with supervisors, noting that the "… primary concern is the supervisor's role in causing the FLSA violation" and "… to support individual liability, there must be control over 'significant aspects of the company's day-to-day functions, including compensation of employees or other matters in relation to an employee.'" See Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1314 (11th Cir. 2013) (quoting Alvarez Perez, 515 F.3d at 1160)).  Also relevant to the analysis is the "economic reality" of the situation, including whether Defendant Prieto: 1) had the power to hire and fire employees; 2) supervised and controlled employee work schedules or conditions of employment; 3)

determined the rate and method of payment; and, 4) maintained employment records. *See* Villareal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997).[3]

8. Before the Order Granting Plaintiff's Motion for Summary Judgment was vacated, the Court found the following facts relevant to the determination of Plaintiff's Motion for Summary Judgment: 1) the time period that Plaintiff worked for Defendants; 2) that Plaintiff witnessed Defendant Saady Bijani ("Bijani") sign blank checks and then provide them to Defendant Prieto; 3) that Prieto filled in wage amounts on checks and distributed the checks to employees; 4) that Prieto determined the amount of money to deduct from an employee's wages, if any, for property damaged during a job; 5) that Prieto assigned Plaintiff and other movers to specific jobs and trucks; 6) that Prieto regularly called Plaintiff to ask how he was doing with clients and then would also talk to clients over the phone; 7) that Prieto would call Plaintiff to ask how new employees were doing on the job; 8) that Prieto had the authority to fire employees; 9) that Plaintiff actually witnessed Prieto telling an employee that "it was not working out" and that the employee was terminated; 10) that Prieto supervised employees; 11) that Prieto and Bijani conducted weekly meetings with all the employees where Prieto would ask about specific employees and discipline employees that did not have good quality work that week; and, 12) that Prieto would also make employees' schedules and assign Plaintiff and his co-workers to their respective groups. (**D.E. 137 at pp. 2 – 3**).

9. Defendant Prieto's Affidavits fail to present significant, probative evidence to bring any of these facts into genuine dispute. Whether Prieto's title was "assistant" or "supervisor" or

---

3) The relevant case law is also set out at greater length in Plaintiff's Motion for Summary Judgment and the Court's now vacated Order Granting Plaintiff's Motion for Summary Judgment. (**D.E. 135**) and (**D.E. 137**). The authorities cited herein provide a succinct summary of the relevant legal standard considering the potential issue raised by Defendant Prieto's Affidavits as noted by the Court. *See* (**D.E. 146 at p. 10**).

anything else for that matter is not dispositive, nor is it even a factor to be considered in determining his status as Plaintiff's employer under the FLSA. *See e.g.* Lamonica, 711 F.3d at 1314; Villareal, 113 F.3d at 205. What matters is the economic reality of the situation and whether Prieto had control over day-to-day functions of the company Plaintiff worked for. Id. While Defendant Prieto's Reply Affidavit denies that he ever employed or supervised anyone, a mere denial of an allegation is insufficient and does not bring forward significant probative evidence demonstrating the existence of a triable issue of fact. *See* (**D.E. 145 at p. 1**); *see also* Fitzpatrick, 2 F.3d at 1115-16; Union Planters Nat. Leasing, Inc. v. Woods, 687 F.2d 117, 119 (5th Cir. 1982) (citing In re Municipal Bond Reporting Antitrust Litigation, 672 F.2d 436, 440 (5th Cir. 1982)).

10. As to Defendant Prieto's representation that he is willing to present tax returns and bank records to prove that he was not paid a supervisor's salary, the purported tax returns and bank records have not been submitted as summary judgment evidence. *See generally*, (**D.E. 135**) – (**D.E. 146**). Rule 56(c)(1)(A) requires that a party asserting that a fact is genuinely disputed must support its assertion by citing to particular parts of the material in the record. *See* FED. R. CIV. P. 56(c)(1)(A). Defendant Prieto's purported tax returns and bank records are not part of the record and are thus not competent summary judgment evidence capable of demonstrating the existence of a triable issue of fact. *See e.g.* Borden & Associates, Inc. v. Markovitz, Case No. 14-cv-81489, 2015 WL 12516640, at *5 (S.D. Fla. July 20, 2015) (citing FED. R. CIV. P. 56(c)(1)(A); Celotex Corp. v. Catrett, 477 U.S. 317, 323; 31 (1986)); *see also* Local R. 56.1(a)(2) (requiring specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file to controvert material facts).

11. Even if Defendant Prieto's purported tax returns and bank records were part of the record, the amount earned by an employer is not one of the elements to be considered in determining whether Prieto was Plaintiff's employer under the economic reality of their employment relationship.  *See* Lamonica, 711 F.3d at 1314; Villareal, 113 F.3d at 205.  Neither is ownership of the corporate employer or a position as a corporate officer required for an individual to be a joint employer under the FLSA.  *See* Lamonica, 711 F.3d at 1310, 1313 (noting that personal liability under the FLSA is not limited to officers of companies and that ownership interests are relevant to employer analysis only to extent they may show a supervisor's role in causing a violation).  Thus, Prieto's representation that he was not an owner of the company is not sufficient on its own to support denying the Motion for Partial Summary Judgment.  *See* (**D.E. 145 at p. 1**).

12. Prieto also represented that he was never the registered agent for Defendants as a factor to consider in regards to the Motion for Partial Summary Judgment.  Id.  Whether an individual was the registered agent of a company is not one of the factors to be considered when determining individual employer status under the FLSA and was not part of the basis for Plaintiff's Motion for Partial Summary Judgment.  *See* (**D.E. 136**); *see also* supra ¶ 7 (citing authorities setting out FLSA individual employer test).

13. What Prieto's Affidavits lack is evidence, particularly significant probative evidence, to contradict any of the following previously established facts that support a finding that he was Plaintiff's individual employer under the FLSA: 1) that Plaintiff witnessed Defendant Bijani sign blank checks and then provide them to Defendant Prieto; 2) that Prieto filled in wage amounts on checks and distributed the checks to employees; 3) that Prieto determined the amount of money to deduct from an employee's wages, if any, for property damaged during

a job; 4) that Prieto assigned Plaintiff and other movers to specific jobs and trucks; 5) that Prieto regularly called Plaintiff to ask how he was doing with clients and then would also talk to clients over the phone; 6) that Prieto would call Plaintiff to ask how new employees were doing on the job; 7) that Prieto had the authority to fire employees; 8) that Plaintiff actually witnessed Prieto telling an employee that "it was not working out" and that the employee was terminated; 9) that Prieto supervised employees; 10) that Prieto and Bijani conducted weekly meetings with all the employees where Prieto would ask about specific employees and discipline employees that did not have good quality work that week; and, 11) that Prieto would also make employees' schedules and assign Plaintiff and his co-workers to their respective groups.  *See* (**D.E. 138**); (**D.E. 145**) *and compare* (**D.E. 136 at ¶¶ 2 – 13**); (**D.E. 137 at pp. 2 – 3**) (identifying facts established by Plaintiff's Statement of Material Fact and supported by evidence in the record).

14. Taking all of the above into consideration, even with the submission of Defendant Prieto's Affidavits, Defendant Prieto has failed to submit significant probative evidence demonstrating the existence of a triable issue of fact regarding his status as Plaintiff's individual employer and Plaintiff's Motion for Partial Summary Judgment should be granted on the same grounds as it was originally granted before the filing of Prieto's Affidavits.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Partial Summary Judgment and find that Defendant Hanin Prieto was Plaintiff's individual employer as a matter of law, and grant Plaintiff any such other relief as justice so requires.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**

**BY:\_\_\_/s/\_\_\_Natalie Staroschak_____**
    **NATALIE STAROSCHAK, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF AND VIA U.S. MAIL ON 3/18/19 TO:**

**ALL CM/ECF REGISTRANTS**

**HANIN PRIETO**
*PRO SE*
**11431 NW 107 ST., SUITE #13**
**MIAMI, FL 33178**

**BY:\_\_\_/s/\_\_\_Natalie Staroschak_____**
    **NATALIE STAROSCHAK, ESQ.**