UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

ARWIN NICOLAS ZAPATA CARRERO and )
all others similarly situated under 29 U.S.C. )
216(b), )
               )
     Plaintiffs, )
vs. )
               )
SANABI INVESTMENTS LLC d/b/a )
OSCAR'S MOVING & STORAGE, )
SAADY BIJANI a/k/a SANDY BIJANI, )
HANIN PRIETO, )
               )
     Defendants. )
_____ )

**PLAINTIFF'S OMNIBUS MOTION IN *LIMINE***

  **COMES NOW** the Plaintiff, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and files the above-described Plaintiff's Omnibus Motion *in Limine* and states as follows in support thereof:

1. Plaintiff moves in *limine* to exclude reference or introduction of the following five (5) issues:

    a) Reference to attorneys' fees and costs;

    b) Reference to liquidated damages;

    c) Reference to the undersigned Firm's representation of Plaintiff;

    d) Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes;

    e) Reference to Plaintiff's arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any; and

1

## MEMORANDUM OF LAW

Courts have the inherent ability to "to manage the course of [their] trials," including the granting of motions in *limine* when appropriate. *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in *limine* is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." E.g., *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012).

### A. Reference to Attorneys' Fees and Costs.

Any reference to attorneys' fees and costs at Trial should be excluded. Plaintiff, therefore, respectfully requests an Order excluding said references. Thus, any reference to attorney fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter. The issue of attorney fees and costs are matters decided by the Court post trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded. **Defendants object to this request.**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to attorneys' fees and costs at trial.

### B. Reference To Liquidated Damages.

Any reference to liquidated damages should be excluded at Trial. The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See,*

*Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).  *See also*, *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980).  However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiff prevails).  Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them.  The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant.  **Defendants object to this request.**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to liquidated damages at trial.

### C. Reference to Undersigned Firm's Representation of Plaintiff.

Any reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice.  *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).  *See*, Fed. R. Evid. Rule 403.  The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. **Defendants object to the relief sought.**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise.

**D. Reference to Plaintiff's Taxes.**

Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Here, the "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff." *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment"). Some courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b). *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility.").

Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id.* Questioning Plaintiff on her filing of income taxes is irrelevant to the case at hand and will unfairly prejudice Plaintiff. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors: and it will likely give rise to collateral disputes -- including the extent of Plaintiffs' reporting obligations regarding such taxes -- that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). In addition to evidence Defendants may try to introduce arguing that Plaintiff failed to report (or fully and accurately report) all of their income in relation to taxes, Plaintiff requests that Defendants not be able to question Plaintiff at all regarding her taxes as such would be prejudicial before the jury and cause unnecessary confusion, and would not otherwise be relevant. Plaintiff's private financial life is not relevant to Plaintiff's claims and is otherwise protected by Section 23 of Article I of the Florida Constitution. *See Berlinger v. Wells Fargo, N.A.*, 2014 WL 6686276, at *3 (M.D. Fla. 2014) (under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings). In *Berlinger*, the Court stated:

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari–Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

5

The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. *Straub v. Matte,* 805 So.2d 99, 100 (Fla. 4th DCA 2002). *Id. citing Rappaport v. Mercantile Bank,* 17 So. 3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted). Also, as the Court noted in *Daniel Valderrabano Torres v. Rock & River Food Inc. d/b/a Marumi Sushi, et al.,* Case No. 15-22882-RNS [DE73], "employers also have the responsibility to withhold taxes and pay social security. Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes…" Defendants' should not be entitled to embark on a mini-IRS audit of Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. **Defendants object to this request.**

Wherefore, Plaintiff respectfully request that the Court grant Plaintiff's Motion in *Limine* and exclude reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes.

### E. Reference to Plaintiff's Arrests, Convictions, Pleas of *No Lo Contendere,* Pending Criminal Cases, If Any.

Any reference to Plaintiff's arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any, should be excluded from testimony in this case. Rule 609 allows the use of a criminal conviction for impeachment purposes, if the conviction was punishable by

imprisonment for more than one year. However, convictions after more than ten years have passed are not admissible, unless its probative value substantially outweighs prejudicial effect, and the proponent gives the adverse party written notice of the intent to use it so that the party has the opportunity to contest it. The court enjoys wide latitude in exercising its discretion in this area, *see United States v. Abel*, 469 U.S. 45, 54, 105 S.Ct. 465, 470, 83 L.Ed.2d 450 (1984). In this jurisdiction, there is a presumption against the use of criminal convictions older than ten years old. Such convictions are rarely permitted to be admitted, unless there are exceptional circumstances. *United States v. Pritchard,* 973 F.2d 905, 908 (11th Cir. 1992) ("the danger in admitting stale convictions is that their remoteness limits their probative value"). No exceptional circumstances are evident here. Plaintiff's arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any, are wholly unrelated to any claim or defense raised here.

    Moreover, Rules 401 and 402 of the Federal Rules of Evidence govern the admissibility of relevant evidence. In particular, only relevant evidence is admissible at trial. Fed. R. Evid. 402; *Allen v. County of Montgomery, Ala.,* 788 F.2d 1485, 1488 (11th Cir. 1986). Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the Evidence." Fed. R. Evid. 401. Any prior arrests, convictions, and pleas of *no lo contendere*, if any, would involve different facts and circumstances that are not probative of any fact or issue present in this instant case. Moreover, the admissibility of prior arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any, into evidence is analyzed under Federal Rule of Evidence 404(b), which addresses impermissible character evidence in the form of past acts. *See Lanham v. Whitfield,* 805 F.2d 970, 972 (11th Cir. 1986) (upholding preclusion of prior litigation under Rule 404(b)); see also *Outley v. City of New York,*

837 F.2d 587, 592 (2d Cir. 1988); *McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006). Rule 404(b) specifically prohibits the introduction of past acts to prove the character of a person so as to show that the plaintiff acted in conformity therewith. Fed. R. Evid. 404(b); *United States v. Covington,* 565 F.3d 1336, 1341 (11th Cir. 2009) ("Rule 404(b) prohibits the introduction of pure propensity evidence."). Rule 404(b) is predicated on the assumption that such propensity evidence is inherently of small probative value while also being highly prejudicial. *See Coletti v Cudd Pressure Control,* 165 F. Case 1:12-cv-24358-JLK Document 74 Entered on FLSD Docket 12/16/2013 Page 3 of 7 4 3d 767, 776 (10th Cir. 1999) (citing *Reyes v. Missouri Pac. R. Co.,* 589 F.2d 791, 793 (5th Cir.1979).

In the instant case, any attempt to introduce evidence relating to arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any, would be an impermissible attempt to question Plaintiff's character in the form of propensity evidence. Indeed, there is no reason for Defendants to seek admission of prior arrests, convictions, pleas of *no lo contendere*, pending criminal cases, if any, as this is exactly the kind of propensity evidence precluded by Rule 404(b); *see Covington,* 565 F.3d at 1341. Regardless, even if evidence of Plaintiff's prior arrests, convictions, pleas of *no lo contendere*, pending criminal cases, if any, were found to have some minimal probative value, such evidence would still be inadmissible under Rule 403, which states: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *See Palmer v. Bd. of Regents of Univ. System Of Ga.,* 208 F. 3d 969 (11th Cir. 2000); *United States v. Gray,* 730 F.2d at 735; *Williams v. Asplundh Tree Expert Co.,* 2006 WL 2868923 (M.D. Fla. 2006) (holding that evidence of prior litigation to prove knowledge by the

Defendants is inadmissible pursuant to Federal Rule of Evidence 403). Plaintiff's prior arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any, would not be relevant and seeks only to confuse the jury; or worse, unfairly prejudice the jury against Plaintiff.

Referencing investigations or lawsuits that have not been completed would unfairly prejudice the jury against Plaintiff and should therefore be excluded pursuant to Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. Fed R. Evid. 609(a) authorizes the admission into evidence, subject to the provisions Fed R. Evid. 403, evidence of a conviction of a felony or a conviction of a crime, regardless of how punishable, if the conviction required proof or admission of an act of dishonesty or false statement by the witness. Plaintiff has not been charged and, as such, has not ultimately resulted in a conviction and cannot be used pursuant to rule 609. **Defendants object to this request.**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to Plaintiff's arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any, at trial.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

## CERTIFICATE OF CONFERRAL

Defendant Hanin Prieto **objects** to the issues that are the subject of the instant Motion, however, Defendant Hanin Prieto may agree to some of these issues at a later time as Defense Counsel recently entered into the case as pro bono counsel for Hanin Prieto and was not prepared to make an exact determination given Defense Counsel's limited knowledge of the case.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FL 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: NSTAR.ZIDELLPA@GMAIL.COM
F.B.N. 116745**

**BY:      /s/     Natalie Staroschak_____
NATALIE STAROSCHAK, ESQ.**


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 5/6/19 TO THE FOLLOWING:**

**ALL CM/ECF REGISTRANTS**

**MARK SCHWEIKERTO, ESQ.
SCHWIKERT LAW
90 SW 3RD STREET, 700B
MIAMI, FLORIDA 33130
(305) 926-9452
MARK@SCHWEIKERTLAW.COM**

**BY:      /s/     Natalie Staroschak_____
NATALIE STAROSCHAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

ARWIN NICOLAS ZAPATA CARRERO and )
all others similarly situated under 29 U.S.C. )
216(b), )
)
          Plaintiffs, )
vs. )
)
SANABI INVESTMENTS LLC d/b/a )
OSCAR'S MOVING & STORAGE, )
SAADY BIJANI a/k/a SANDY BIJANI, )
HANIN PRIETO, )
)
          Defendants. )
_____ )

## ORDER GRANTING PLAINTIFF'S OMNIBUS MOTION IN *LIMINE*

This matter came on to be heard regarding the Plaintiff's above-described Motion and the Court otherwise being advised in the premises, it is:

ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion is hereby GRANTED and therefore the Parties shall not during trial introduce any evidence regarding:

    a) Reference to attorneys' fees and costs;

    b) Reference to liquidated damages;

    c) Reference to the undersigned Firm's representation of Plaintiff;

    d) Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes;

    e) Reference to Plaintiff's arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of

_____ 2019.

                                                         JOAN A. LENARD  
                                                         UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record