UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

| | |
|---|---|
| ARWIN NICOLAS ZAPATA CARRERO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE, SAADY BIJANI a/k/a SANDY BIJANI, HANIN PRIETO, | ) ) ) ) ) |
| Defendants. | ) ) |

**JOINT PRETRIAL STIPULATION**[1]

Pursuant to Fed.R.Civ.P.26(a)(3), S.D. Fla. L.R. 16.1(e), and the Court's May 2, 2018 Scheduling Order [DE97], Plaintiff Arwin Nicolas Zapata Carrero and Defendant Hanin Prieto (collectively, the "Parties"), through their respective undersigned counsel, submit this Joint Pretrial Stipulation. However, the Corporate Defendant Sanabi Investments LLC d/b/a Oscar's Moving & Storage and its former owner, Defendant Saady Bijani a/k/a Sandy Bijani, are *not* part of this stipulation, as the Court has stayed Plaintiff's claims against these Defendants given their pending bankruptcies. (*See* DE 114 & 127). The Parties state the following:

1. **Summary of the Claims and Defenses**

   **For Plaintiff:**

   Plaintiff seeks a jury trial. On 2/16/17, Plaintiff filed his Complaint against Defendants for overtime violations under 29 U.S.C. 201-216. [DE1]. Plaintiff alleges that he worked for

---

[1] This is being filed in compliance with D.E. 97.

Defendants as a merchandiser from on or about June 1996 through on or about February 10, 2017. Plaintiff seeks to recover his alleged unpaid overtime wages for each hour worked above 40 in a work week as required by the Fair Labor Standards Act ("FLSA"). Plaintiff also alleges that Defendants willfully, intentionally, and/or recklessly refused to pay him overtime wages as required by the FLSA as Defendants knew of the overtime wage requirements and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the applicable law.

**For Defendant Hanin Prieto:**

Defendant Hanin Prieto denies that he is, was, or ever has been Plaintiff's individual "employer" within the meaning of the FLSA and, therefore, is not liable to Plaintiff for any alleged failure to pay overtime wages. (*See* DE 149, Order Denying Plaintiff's Motion for Partial Summary Judgment at 12). Mr. Prieto did not own Oscar's Moving & Storage, and he never employed or supervised anyone at the company. Mr. Prieto was an employee of the company, same as Plaintiff.

2.  **The Basis of Federal Jurisdiction**

Original jurisdiction is based on 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States) and as it is an action to recover alleged money damages for alleged unpaid overtime wage violations, pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 – 216.

3.  **Pleadings Raising the Issues**

    A.    The Complaint. [DE1].

    B.    Defendant Hanin Prieto's Sworn Affidavits on February 8 and March 1, 2019 (DE 138 & 145).

**4.     A List of All Undisposed of Motions or Other Matters Requiring Action by the Court**

    A.     Plaintiff's Motion in Limine [DE153].

**5      Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

    A.     Plaintiff filed his initial Complaint [DE1] on 2/16/17.

    B.     The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    C.     The Corporate Defendant (as to which all Plaintiff's claims have been stayed pending bankruptcy) engaged in commerce, had an annual gross volume of sales of $500,000.00 or more in each year at issue, and employed two or more employees for the years 2013, 2014, 2015, 2016, and 2017.

    D.     Defendant BIJANI (as to whom all Plaintiff's claims have been stayed pending bankruptcy) is the Corporate officer and owner of the Corporate Defendant who controlled the day to day operations of the business for the years 2013, 2014, 2015, 2016, and 2017.

**6.     Issues of Fact Which Remain to Be Litigated At Trial**

<u>Plaintiff's Position</u>

    A.     No evidence will be required at trial regarding FLSA coverage/subject-matter jurisdiction because Defendants do not contest interstate commerce or the $500,000 annual monetary threshold for the relevant period.

    B.     Defendant Hanin Prieto and Defendant Sandy Bijany are corporate officers and/or owners and/or managers of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendants for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d) in addition to any other definition. 29 U.S.C. 203(d) defines an "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee…or anyone acting in the

capacity of officer or agent of such labor organization.

B. Facts regarding the number of hours Plaintiff suffered or was permitted to work for Defendants each week and the number of hours Plaintiff worked each week based on Plaintiff's approximation.

C. Facts regarding whether Plaintiff worked the hours and overtime hours Plaintiff alleges for which he was not compensated and how much overtime wages is therefore owed, if any.

D. Facts regarding whether Defendants' failure to pay legally mandated overtime wages were in good faith.

E. Facts regarding whether Defendants are liable for alleged violations of the overtime wage provisions of the FLSA were reckless.

F. Facts regarding whether Defendants acted willfully or in reckless disregard of the provisions of the FLSA in relation to non-payment of Plaintiff's alleged overtime wages.

G. Facts regarding the number of hours Plaintiff suffered or was permitted to work for Defendants each week off the clock and the number of hours Plaintiff worked off the clock each week based on Plaintiff's approximation.

Defendant Hanin Prieto's Position

A. Whether Mr. Prieto was Plaintiff's "employer" for purposes of the FLSA.

B. Whether Mr. Prieto has or had any ownership interest in Oscar's Moving & Storage.

C. Whether Mr. Prieto was employed as a supervisor or paid a supervisor's salary or wage by Oscar's Moving & Storage.

D. Whether Mr. Prieto supervises any employees of Oscar's Moving & Storage.

    E.    Whether Mr. Prieto had any authority to hire or fire any employees of Oscar's Moving & Storage.

    F.    Whether Plaintiff qualified for any overtime wages at any time during his employment with Oscar's Moving & Storage.

    G.    Whether Oscar's Moving & Storage failed to pay Plaintiff any overtime wages lawfully due.

    H.    Whether any alleged failure by Mr. Prieto to pay Plaintiff any overtime wages lawfully due was intentional or reckless.

**7.** **Concise Statement of Issues of Law on Which There is Agreement**

    A.    FLSA coverage/subject-matter jurisdiction exists because the Corporate Defendant Sanabi Investments LLC d/b/a Oscar's Moving & Storage does not contest interstate commerce or the $500,000 annual monetary threshold for the relevant period. (*See* DE 115, Joint Stipulation to Narrow the Issues for Jury Trial at 2).

    B.    Liquidated damages (i.e. doubling) and Plaintiff's attorneys' fees/costs shall only be considered by the Court post-trial if Plaintiff prevails, and shall not be discussed nor mentioned in front of the jury except as Plaintiff opens the door to such evidence or testimony.

    C.    Venue is proper in the Southern District of Florida.

**8.** **Concise Statement of Issues of Law Which Remain for Determination by the Court**

For the Plaintiff:

    A.    Defendants stipulate that Plaintiff engaged in commerce or was employed by an enterprise engaged in commerce and Defendants' grossed over $500,000 annually

    for the relevant time period so no evidence will be needed regarding FLSA coverage/subject-matter jurisdiction for the relevant period as Defendants agree and it has been established for the years 2013, 2014, 2015, 2016, and 2017. (*See* DE 115, Joint Stipulation to Narrow the Issues for Jury Trial at 2).

  B. Issues concerning the above facts to be litigated at trial, if such matters are named during the directed verdict phase of the trial.

  C. Whether Defendants' failure to pay legally mandated overtime wages were in good faith.

  D. Whether Defendants are liable for alleged violations of the overtime wage provisions of the FLSA.

  E. Whether Defendants intentionally violated the FLSA in relation to non-payment of Plaintiff's alleged overtime.

  F. Fees and costs post-trial if Plaintiff prevails.

  G. Imposition of liquidated damages should Plaintiff prevail at Trial with regards to good faith, to be determined by the Court post-trial on motion based on evidence at trial.

<u>For the Defendant Hanin Prieto</u>**:**

  A. Defendant Prieto respectfully submits that all of Plaintiff's "Issues of Law Which Remain for Determination by the Court" are disputed issues of fact and not disputed issues of law. At this time, Defendant Prieto is unaware of any unsettled legal issue in this case that remains for determination by this Court.

**9.**  **Estimated Trial Time**

  The parties estimate that this will be a 3.5 day jury trial.

**10.    Estimate of Attorneys' Fees**

<u>Plaintiff</u>

Plaintiff estimates that $60,000.00 will be incurred as fees through trial and post-trial motions however Plaintiff will file the appropriate motion should Plaintiff prevail. Plaintiff states that Defendants are not entitled to seek fees under applicable law and opposes any request for same.

<u>Defendant</u>

Counsel for Defendant Hanin Prieto is proceeding on a *pro bono* basis. (*See* DE 150).

Dated this 20th day of May, 2019.

Respectfully Submitted.

J. H. ZIDELL, P.A.
Attorneys For Plaintiff
300-71ST Street, Suite 605
Miami Beach, Florida 33141
PH: 305-865-6766
FAX: 305-865-7167
email: nstar.zidellpa@gmail.com

BY: _/s/ Natalie Staroschak, Esq.
    Natalie Staroschak, Esquire
    Florida Bar No. 116745


MARK SCHWEIKERT, ESQ.
Schweikert Law PLLC
90 SW 3rd Street, 700B
Miami, Florida 33130
mark@schweikertlaw.com
(305) 926-9452
*Attorney for Defendant Hanin Prieto only*