UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20608-CIV-LENARD/GOODMAN

**ARWIN NICOLAS ZAPATA CARRERO,**

    Plaintiff,

**v.**

**SANABI INVESTMENTS, LLC d/b/a
OSCAR'S MOVING & STORAGE,
SAADY BIJANI a/k/a SANDY BIJANI,
and HANIN PRIETO,**

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OMNIBUS MOTION IN LIMINE (D.E. 153)

**THIS CAUSE** is before the Court on Plaintiff Arwin Nicolas Zapata Carrero's Omnibus Motion in Limine, ("Motion," D.E. 153), filed May 6, 2019. Defendant Hanin Prieto[1] filed a Response on May 20, 2019, ("Response," D.E. 157), to which Plaintiff filed a Reply on May 28, 2019, ("Reply," D.E. 159). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

Plaintiff instituted this action alleging that his former employer, Sanabi Investments, LLC, d/b/a Oscar's Moving & Storage, and its alleged owners/managers/corporate officers Saady Bijani and Hanin Prieto, violated the overtime wage provisions of the Fair Labor

---

[1] This case has been automatically stayed as to Defendants Sanabi Investments, LLC and Saady Bijani pursuant to 11 U.S.C. § 362 after those Defendants filed bankruptcy petitions. (D.E. 114, 127.)

Standards Act ("FLSA"), 29 U.S.C. §§ 201-216.  On April 15, 2019, the Court denied Plaintiff's Motion for Partial Summary Judgment, finding genuine issues of material fact existed as to whether Defendant Prieto was Plaintiff's "employer" for purposes of the FLSA.  (D.E. 149.)

In the instant Motion in Limine, Plaintiff seeks to "exclude reference or introduction of the following five (5) issues:

  a) Reference to attorneys' fees and costs;

  b) Reference to liquidated damages;

  c) Reference to [Plaintiff's counsel's] Firm's representation of Plaintiff;

  d) Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payment on said taxes; [and]

  e) Reference to Plaintiff's arrests, convictions, pleas of no lo contendere, and pending criminal cases, if any[.]

(Mot. at 1.)  Prieto does not oppose the motion with regard to items (a), (b), (c), or (d), but asks the Court to defer ruling on the category of evidence identified in item (e).  (Resp. at 2.)

A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial.  See Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd., No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013).  "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial."  Id.

Generally, "[m]otions in limine are disfavored." Id. "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Accordingly, if evidence is not clearly inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." Id. (internal citation and quotation marks omitted). Even when a trial court does rule in limine, its ruling "remains subject to reconsideration by the court throughout the trial" and the parties may renew their objections as appropriate. Stewart v. Hooters of Am., Inc., No. 8:04–cv–40–T–17–MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007).

First, because Defendant does not oppose the Motion as to the evidence identified in items (a), (b), (c), and (d), the Court grants Plaintiff's Motion in Limine as to those issues.

Second, with respect to the category of evidence identified in item (e), Plaintiff concedes that Federal Rule of Evidence 609 permits the introduction of a criminal conviction for impeachment purposes if the conviction was punishable by imprisonment for more than one year. (Mot. at 6-7.) However, he argues that Plaintiff's arrests, convictions, pleas of no lo contendere, and pending criminal cases, if any, should be excluded: (1) under Rules 401 and 402 because they are irrelevant; (2) under Rule 404(b) because they constitute impermissible character evidence; (3) under Rule 403 because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of

3

cumulative evidence; and (4) under Rule 609(b) to the extent that more than ten years have passed since any conviction because its probative value does not substantially outweigh its prejudicial effect. (Id. at 7-9.) Plaintiff further argues that "[r]eferencing investigations or lawsuits that have not been completed would unfairly prejudice the jury against Plaintiff" and should therefore be excluded under Rule 403. (Id. at 9.)

Prieto is unaware of whether Plaintiff has a criminal record,[2, 3] but argues that such evidence could be admissible under Rule 609, and therefore requests that the Court defer ruling on the admissibility of this category of evidence until trial. (Resp. at 2.)

Rule 609 governs the admissibility of prior criminal convictions for impeachment purposes. That rule provides, in relevant part:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

---

[2] Prieto is currently represented by a volunteer attorney whom the Court appointed on April 15, 2019 in anticipation of trial. (D.E. 150.)

[3] Plaintiff's counsel does not identify Plaintiff's prior arrests, convictions, or pleas. However, the Reply brief quotes commentary suggesting that Plaintiff may have theft and/or drug convictions. (Reply at 2-3.)

>**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>>**(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
>>**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609. In light of this Rule, the Court finds that Plaintiff's prior convictions, arrests, pleas, and pending criminal cases, if any, are not "clearly inadmissible on all potential grounds." Gonzalez, 718 F. Supp. 2d at 1345. If evidence is not clearly inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." Id. (internal citation and quotation marks omitted). Therefore, Plaintiffs' motion in limine to exclude such evidence is **DENIED**. The Court will take up the issue, if necessary, prior to or during trial and outside the presence of the jury.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Omnibus Motion in Limine (D.E. 153) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of June, 2019.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**