UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

ARWIN NICOLAS ZAPATA CARRERO    )
and all others similarly situated under 29    )
U.S.C. 216(b),    )
    )
                Plaintiffs,    )
        vs.    )
    )
SANABI INVESTMENTS LLC d/b/a    )
OSCAR'S MOVING & STORAGE,    )
SAADY BIJANI a/k/a SANDY BIJANI,    )
HANIN PRIETO,    )
    )
                Defendants.    )
_____)

## PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The Parties, Plaintiff Arwin Nicolas Zapata Carrero and Defendant Hanin Prieto,[1]

through their respective undersigned counsel, pursuant to Local Rule 16.1 of the

Southern District of Florida and Federal Rule of Civil Procedure 51, hereby submit their

Proposed Jury Instructions and Verdict Form.  Any objections by Defendant's to

Plaintiff's proposed instructions are shown in *italics*. Any objections by Plaintiff to

Defendant's proposed instructions are underlined.

Dated: July 2, 2019

---

[1] Plaintiff's claims against Defendant Sanabi Investments LLC d/b/a Oscar's Moving &
Storage and Defendant Saady Bijani a/k/a Sandy Bijani have been stayed by this Court
pending their bankruptcy filings.  (*See* ECF No. 114 & 127).

J.H. ZIDELL, P.A.
Counsel for Plaintiff
300 71st Street
Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167

BY:   */s/ Natalie Staroschak, Esq.*
      Natalie Staroschak, Esquire
      Florida Bar No. 116745
      J.H. Zidell, Esq.
      Fla. Bar No. 10121

SCHWEIKERT LAW PLLC
90 SW 3rd Street, 700B
Miami, Florida 33130
(305) 926-9452
mark@schweikertlaw.com


By:  */s/   Mark Schweikert, Esq.*
      Mark Schweikert, Esq.
      Fla. Bar No. 70555

and

SHERRY LAW OFFICE
Jason B. Sherry, Esq.
Jason@sherrylawoffice.com
Fla. Bar No. 102218
200 Southeast First Street, Ste. 500
Miami, Florida 33131

Attorneys for Defendant Hanin Prieto

## <u>DISPUTED PROPOSED JURY INSTRUCTION NO. 1</u>

### PRELIMINARY INSTRUCTIONS BEFORE TRIAL

**1.1 General Preliminary Instructions**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Arwin Nicolas Zapata Carrero, claims that the Defendant, Hanin Prieto, did not pay his overtime at a time and a half rate as required by the Fair Labor Standards Act, which will be referred to through this case by its common acronym, FLSA. *The Defendant, Hanin Prieto denies that they had a legal obligation to pay*

*overtime to Plaintiff Arwin Nicolas Zapata Carrero because they allege Arwin Nicolas Zapata Carrero never worked more than 40 hours a week, thus was never owed overtime. Defendant also claims that the individual Defendant was not Plaintiffs' FLSA employer during the relevant time period.*

Defendant Hanin Prieto denies that he was Plaintiff Arwin Nicolas Zapata Carrero's "employer" and thus had no duty to pay Plaintiff's overtime wages during the relevant time period.  Rather, Sanabi Investments LLC d/b/a Oscar's Moving & Storage was Plaintiff Arwin Nicolas Zapata Carrero's employer.  Defendant Hanin Prieto also denies that Plaintiff Arwin Zapata Carrero worked more than 40 hours a week and thus was not owed overtime.

Burden of proof:

Plaintiff Arwin Nicolas Zapata Carrero has the burden of proving his case by what the law calls a "preponderance of the evidence."  That means Plaintiff Arwin Nicolas Zapata Carrero must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff Arwin Nicolas Zapata Carrero and the evidence favoring Defendant Hanin Prieto on opposite sides of balancing scales, Plaintiff Arwin Nicolas Zapata Carrero needs to make the scales tip to his side. If Plaintiff Arwin Nicolas Zapata Carrero fails to meet this burden, you must find in favor of Defendant Hanin Prieto.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a

claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendant Hanin Prieto has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendant Hanin Prieto must prove for any affirmative defense. After considering all the evidence, if you decide that Defendant Hanin Prieto has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it.  It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove. Next, Plaintiff Arwin Nicolas Zapata Carrero will present his witnesses and ask them questions. After Plaintiff Arwin Nicolas Zapata Carrero questions the witness, Defendant Hanin Prieto may ask the witness questions – this is called "cross-examining" the witness. Then Defendant Hanin Prieto will present his witnesses, and Plaintiff Arwin Nicolas Zapata Carrero may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

<u>Authorities</u>:  Instruction 1.1, 11th Circuit Pattern Jury Instructions (Civil) 2019 *as modified.*

GIVEN AS REQUESTED        _____
GIVEN MODIFIED            _____
REFUSED                   _____
WITHDRAWN                 _____

9

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 2

**1.2 Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

<u>Authorities</u>:  Instruction 1.2, 11th Circuit Pattern Jury Instructions (Civil).

GIVEN AS REQUESTED      _____
GIVEN MODIFIED          _____
REFUSED                 _____
WITHDRAWN               _____

## UNDISPUTED JOINT PROPOSED JURY INSTRUCTION NO. 3

### Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters.

It is important that all jurors consider the same evidence.  So even if some of you know

Spanish, which some of the witnesses in this case may speak, you must accept the

English translation provided and disregard any different meaning.

Authorities:  Instruction 1.3, 11th Circuit Pattern Jury Instructions (Civil) 2019.

GIVEN AS REQUESTED        _____
GIVEN MODIFIED                 _____
REFUSED                              _____
WITHDRAWN                        _____

11

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 4

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness.  I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authorities:  Instruction 1.4, 11th Circuit Pattern Jury Instructions (Civil) 2019.

GIVEN AS REQUESTED     _____
GIVEN MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 5

### Stipulations

Sometimes the parties have agreed that certain facts are true.  This agreement is

called a stipulation.  You must treat these facts as proved for this case.

<u>Authorities</u>:  Instruction 2.1, 11th Circuit Pattern Jury Instructions (Civil) 2019.

```
GIVEN AS REQUESTED        _____
GIVEN MODIFIED            _____
REFUSED                   _____
WITHDRAWN                 _____
```

## **DISPUTED PROPOSED JURY INSTRUCTION NO. 6**

### **Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in thesame way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authorities:  Instruction 2.2, 11th Circuit Pattern Jury Instructions (Civil) 2019.

15

## <u>UNDISPUTED PROPOSED JURY INSTRUCTION NO. 7</u>

### Use of Interrogatories

You may have heard answers that the parties gave in response to written questions the other side submitted to them. The questions are called interrogatories. Before the trial, one or both of the parties gave their answers to the interrogatories in writing while under oath.

You must consider the parties' answers to as though they gave the answers on the witness stand.

<u>Authorities</u>:  Instruction 2.6, 11th Circuit Pattern Jury Instructions (Civil) 2019, as modified.

```
              GIVEN AS REQUESTED      _____
              GIVEN MODIFIED          _____
              REFUSED                 _____
              WITHDRAWN               _____
```

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 8

### COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>Authorities</u>:  Instruction 3.1, 11th Circuit Pattern Jury Instructions (Civil) 2019.

| | |
|---|---|
| GIVEN AS REQUESTED | _____ |
| GIVEN MODIFIED | _____ |
| REFUSED | _____ |
| WITHDRAWN | _____ |

## **UNDISPUTED PROPOSED JURY INSTRUCTION NO. 9**

### **THE DUTY TO FOLLOW INSTRUCTIONS**

### **CORPORATION INVOLVED**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees which are made within the scope of their duties as employees of the company.

<u>Authority</u>:     Instruction 3.2 & 3.2.2 11th Circuit Pattern Jury Instruction (Civil Cases) 2019 (modified).

GIVEN AS REQUESTED  _____
GIVEN MODIFIED    _____
REFUSED       _____
WITHDRAWN     _____

## UNDISPUTED PROPOSED INSTRUCTION NO. 10

### CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;

### ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority:  Instruction 3.3, 11th Circuit Pattern Jury Instructions (Civil) 2019.

GIVEN AS REQUESTED          _____
GIVEN MODIFIED              _____
REFUSED                     _____
WITHDRAWN                   _____

## UNDISPUTED PROPOSED INSTRUCTION NO. 11

### CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

Authorities:  Instruction 3.4, 11th Circuit Pattern Jury Instructions (Civil) 2019.

GIVEN AS REQUESTED        _____
GIVEN MODIFIED            _____
REFUSED                   _____
WITHDRAWN                 _____

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 12

## IMPEACHMENT OF WITNESSES BECAUSE OF

## INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authorities:  Instruction 3.5.1, 11th Circuit Pattern Jury Instructions (Civil) 2019, 3.5.1.

GIVEN AS REQUESTED          _____
GIVEN MODIFIED              _____
REFUSED                     _____
WITHDRAWN                   _____

**UNDISPUTED PROPOSED JURY INSTRUCTION NO. 13**

**RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIM[S]**

**PREPONDERANCE OF THE EVIDENCE**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

<u>Authorities</u>:  Instruction 3.7.1, 11th Circuit Pattern Jury Instructions (Civil) 2019.

GIVEN AS REQUESTED          _____
GIVEN MODIFIED                    _____
REFUSED                                _____
WITHDRAWN                          _____

**DISPUTED PROPOSED JURY INSTRUCTION NO. 14**

**RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSES**

**PREPONDERANCE OF THE EVIDENCE**

In this case, the Defendant Hanin Prieto has asserted affirmative defenses. Even if Plaintiff Arwin Nicolas Zapata Carrero proves his claims by a preponderance of the evidence, the Defendant Hanin Prieto can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Defendant Hanin Prieto does not have to disprove Plaintiff Arwin Nicolas Zapata Carrero's claim but if Defendant Hanin Prieto raise an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

Authorities:  Instruction 3.7.2, 11th Circuit Pattern Jury Instructions (Civil) 2019.

GIVEN AS REQUESTED   _____
GIVEN MODIFIED        _____
REFUSED               _____
WITHDRAWN             _____

## DISPUTED PROPOSED JURY INSTRUCTION NO. 15

### *EMPLOYER DEFINED*

Any person who acts indirectly in the interest an employer in relation to Arwin Nicolas Zapata Carrero for the relevant time period by paying Arwin Nicolas Zapata Carrero's wages and/or directing Arwin Nicolas Zapata Carrero's work is considered to be an employer under the Fair Labor Standards Act.

Authorities:   29 U.S.C. 203 (d)

## JOINT EMPLOYERS

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors. Others are clearly employees. But it may not always be clear who is an employer of the employee. Sometimes an employee may have more than one employer at the same time.

So, in this case, you must decide: Was Plaintiff Arwin Nicolas Zapata Carrero the employee of Sanabi Investments LLC d/b/a Oscar's Moving & Storage as well as an employee of Defendant Hanin Prieto?  You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider all the following factors to the extent you decide that each applies to this case:

(a) the nature and degree of control over the employee and who exercises that control;

(b) the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;

(c) who exercises the power to determine the employee's pay rate or method of payment;

(d) who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;

(e) who is responsible for preparing the payroll and paying wages;

(f) who made the investment in the equipment and facilities the employee uses;

(g) who has the opportunity for profit and loss;

(h) the employment's permanence and exclusiveness;

(i) the degree of skill the job requires;

(j) the ownership of the property or facilities where the employee works; and

(k) the performance of a specialty job within the production line integral to the business.

Consideration of all the circumstances surrounding the work relationship is essential. No single factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

Authorities:   Instruction 4.25, 11th Circuit Pattern Jury Instructions (Civil) 2019; *see also id.* at 4.14, p. 6 ("For pattern instructions concerning issues of joint employers or independent contractors, please see Pattern Instructions 4.24 and 4.25.").

GIVEN AS REQUESTED     _____
GIVEN MODIFIED         _____
REFUSED                _____
WITHDRAWN              _____

## <u>DISPUTED PROPOSED JURY INSTRUCTION NO. 16</u>

### *OPERATIONAL CONTROL BY A CORPORATE OFFICER*

*Operational control by a Corporate Officer over a corporation's covered enterprise makes both the owner and the corporation jointly and severally liable for overtime wages under the Fair Labor Standards Act.  To have operational control is either to be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee. The Control need not be continuous, it must be both substantial and related to the company's FLSA obligations. The fact that control was exercised only occasionally does not diminish the significance of its existence. You still must determine whether Hanin Prieto was Plaintiff's employer as defined above in this instruction.*

<u>*Authorities:*</u>   *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962 (6th Cir. 1991). *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313-14 (11th Cir. 2013)

<u>[Defendant disputes this proposed jury instruction as redundant and cumulative of the 11th Circuit Pattern Jury Instruction 4.25 for "Joint Employers" set forth above. Defendant further objects because the authorities cited by Plaintiff do not support his proposed instruction.  First, *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962 (6th Cir. 1991) is not binding on this Court.  Second, *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299 (11th Cir. 2013) merely held that the jury had a legally sufficient basis to hold two of the corporate defendant's *directors/shareholders* individually liable under the FLSA, because there was sufficient evidence to find that the director/shareholders "exercised control over 'significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee,"</u>

which "combined with their *substantial ownership interests*," suggests that they " had sufficient control of the company's financial affairs to 'cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" *Id.* at 1314-15 (emphasis added; citations omitted).  In stark contrast, Defendant Hanin Prieto was neither a shareholder nor a director of the moving company that *actually* employed Plaintiff.  At most, Mr. Prieto was the moving company's foreman/laborer (a position which Plaintiff himself used to hold), who made approximately 50 cents more per hour than the rest of the crew.

GIVEN AS REQUESTED    _____
GIVEN MODIFIED          _____
REFUSED                      _____
WITHDRAWN              _____

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 17

## DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous -- in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Authorities:  Instruction 3.8.1, 11th Circuit Pattern Jury Instructions (Civil) 2019.

```
              GIVEN AS REQUESTED   _____
              GIVEN MODIFIED       _____
              REFUSED              _____-_____
              WITHDRAWN            _____
```

## DISPUTED PROPOSED JURY INSTRUCTION NO. 18

### FAIR LABOR STANDARDS ACT

In this case, Plaintiff Arwin Nicolas Zapata Carrero's claims that Defendant Hanin Prieto, did not pay him the overtime wage pay required by the federal Fair Labor Standards Act, also known as the "FLSA."   To succeed on his claim against the Defendant Hanin Prieto, Plaintiff Arwin Nicolas Zapata Carrero's must prove each of the following facts by a preponderance of the evidence:

First:     *That the Plaintiff was employed by the Defendants during the time period involved;*

Second: *In Plaintiff's work for the Defendants, the Plaintiff was either engaged in commerce or in the production of goods or materials for commerce or were employed by an enterprise engaged in commerce or the production of goods or materials for commerce and that the Defendants had annual gross sales of at least $500,000 for the relevant time period; and*

Third:    *That the Defendants failed to pay the Plaintiff the overtime pay for all hours worked by the Plaintiff in excess of 40 hours in one or more workweeks as required by law.*

*For the first element, whether Plaintiff was employed by the Defendant during the time period involved, Hanin Prieto disputes that he was one of Plaintiff's employers and, as such, you will need to decide whether Hanin Prieto was one of Plaintiff's employers. For the second element, Defendants have stipulated that the they had annual gross sales of at least $500,000 for the relevant time period. Therefore, as this is not disputed, you should consider the monetary threshold requirement to be*

*established.    Further Defendants do not dispute that in Plaintiff's work for the Defendants that the Plaintiff was either engaged in commerce or in the production of goods or materials for commerce or was employed by an enterprise engaged in commerce or the production of goods or materials for commerce.*

*The Parties dispute the third element as the Defendant claims he did not fail to pay the Plaintiffs the overtime pay required by law that he seeks.*

First:    Plaintiff Arwin Nicolas Zapata Carrero was an employee of Defendant Hanin Prieto and was engaged in commerce or in the production of goods for commerce or was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second:    Defendant Hanin Prieto failed to pay Plaintiff Arwin Nicolas Zapata Carrero the overtime pay requirement by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about the relevant factual issues.

For the first element, Plaintiff Arwin Nicolas Zapata Carrero must prove by a preponderance of the evidence that he was an employee of Defendant Hanin Prieto and engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce.

The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. Plaintiff Arwin Nicolas Zapata Carrero was engaged in the "production of goods" if he was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely

related process or occupation directly essential to the production of goods. An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Work not requested but suffered or permitted is work time. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by 40. *the total number of hours the employee's weekly salary were intended to compensate.* To calculate how much overtime pay was owed to an employee for a certain week, subtract 40 from the total number of hours the employee worked and multiply the difference by the overtime rate. Defendant Hanin Prieto failed to pay Plaintiff Arwin Nicolas Zapata Carrero the required overtime pay if he paid him less than that amount.

The amount of damages owed, if any, is the difference between the amount *the employee* Plaintiff Arwin Nicolas Zapata Carrero should have been paid and the amount he was actually paid. Plaintiff Arwin Nicolas Zapata Carrero is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit [2/16/2017]—unless you find that the employer either knew or

showed reckless disregard for whether the FLSA prohibited its conduct. If you find that *the employer* <u>Defendant Hanin Prieto was Plaintiff's "employer" and</u> knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiff Arwin Nicolas Zapata Carrero is entitled to recover lost wages from date of your verdict back to no more than three years before he filed this lawsuit.

**Inadequate Records**: The law requires an employer to keep records of how many hours its employees work and the amount they are paid. *In this case, Plaintiff Arwin Nicolas Zapata Carrero claims that Defendant Hanin Prieto failed to keep and maintain adequate records of his hours and pay.* <u>In this case, Plaintiff Nicolas Zapata Carrero claims that Defendant Hanin Prieto was his "employer" and, therefore, was required to keep records of his work and the amount he was paid, but failed to do so.</u> Plaintiff Arwin Nicolas Zapata Carrero also claims that Defendant Hanin Prieto's failure to keep and maintain adequate records has made it difficult for him to prove the exact amount of his claim.

If you find that Defendant Hanin Prieto <u>was Plaintiff's "employer" and</u> failed to keep adequate time and pay records for Plaintiff Arwin Nicolas Zapata Carrero and that Plaintiff Arwin Nicolas Zapata Carrero performed work for which he should have been paid, Arwin Nicolas Zapata Carrero may recover a reasonable estimation of the amount of his damages. But to recover this amount, Arwin Nicolas Zapata Carrero must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

Authority:     4.14, 11th Circuit Pattern Jury Instructions (Civil) 2019 as modified

by *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed.

1515 (1946).

```
GIVEN AS REQUESTED     _____
GIVEN MODIFIED         _____
REFUSED                _____
WITHDRAWN              _____
```

## DISPUTED PROPOSED JURY INSTRUCTION NO. 19

### *RECORD KEEPING OBLIGATION*

In determining whether Plaintiff is owed overtime wage compensation, keep in mind that the law requires employers to keep records of the number of hours worked by its employees subject to this Act for employees who are not exempt.

*Authority:*   29 U.S.C. §211(c); 29 C.F.R. §516.2; Gaylord v. Miami-Dade County, 78 F.Supp.2d 1320 (S.D. Fla. 1999); Reich v. Dep't of Conservation & Natural Res., State of Ala., 28 F.3d 1076, 1081 (11th Cir. 1994); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946).

[Defendant Hanin Prieto disputes this instruction as redundant and cumulative of the "Inadequate Records" instruction set forth above.]

```
GIVEN AS REQUESTED    _____
GIVEN MODIFIED        _____
REFUSED               _____
WITHDRAWN             _____
```

## DISPUTED PROPOSED JURY INSTRUCTION NO. 20

*Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.*

<u>Authority</u>:   *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

[Defendant disputes this proposed jury instruction as redundant and cumulative of the 11th Circuit Pattern Jury Instruction 4.25 for "Joint Employers" set forth above, which sets forth the specific criteria the jury must consider in determining whether Defendant Hanin Prieto was a "joint employer" of Plaintiff.]

GIVEN AS REQUESTED          _____
GIVEN MODIFIED                    _____
REFUSED                                 _____
WITHDRAWN                         _____

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 21

### Working Time

Under the law, the test for whether an employee's time constitutes working time is whether the time is spent predominantly for the employer's benefit or for the employee's.  This test requires consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on call time, and all surrounding circumstances.

Authority: *IBP, Inc. v. Alvarez,* 546 U.S. 21, 25, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005); *Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S. Ct. 165,  168, 89 L. Ed. 118 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 137, 65 S. Ct. 161, 163, 89 L. Ed. 124 (1944); and, *Gilligan v. City of Emporia, Kansas*, 986 F.2d 410, 412 (10th Cir. 1993); 29 C.F.R. 553.2221 (d); and, *Gilligan v. City of Emporia, Kansas*, 986 F.2d 410, 412 (10th Cir. 1993).  *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692, 90 L.Ed 1515, 66 S.Ct. 1187 (1946); *Lindow v. USA,* 738 F.2d 1057 (9th Cir. 1983).

```
GIVEN AS REQUESTED      _____
GIVEN MODIFIED          _____
REFUSED                 _____
WITHDRAWN               _____
```

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 22

### "Employer Knowledge"

An employer may be considered to have knowledge of an employee's overtime if using reasonable diligence, the employer would have found out the employee worked overtime, even if the employer has a policy against working overtime. If a reasonable inference could be drawn that supports that the employee worked overtime, from the knowledge of the employer, then the employer may be charged with having knowledge that the employee worked overtime.

Authority:     *Reich v. Dept. of Conservation and Natural Res., State of Ala.,* 28 F.3d 1076 (11th Cir. 1994), *People ex. rel. Price v. Sheffield Farms-Slawson-Decker Co*, 121 N.E. 474 (N.Y. 1918), *Frew v. Tolt Techs. Serv. Grp., LLC*, No. 6:09-CV-49-ORL-19GJK, 2010 WL 557940 (M.D. Fla. Feb. 11, 2010).

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

## DISPUTED PROPOSED JURY INSTRUCTION NO. 23

### Permitted To Work

*Permitting an employee to engage in an activity is considered "work" under the FLSA.*

[Defendant does not object to the substance of this instruction, but rather believes it is confusing as a standalone instruction.  Defendant has thus proposed incorporating this instruction in the general FLSA instruction above via the following language: "Work not requested but suffered or permitted is work time.]

Authorities:   29 U.S.C. 203 (e)(1).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## DISPUTED PROPOSED JURY INSTRUCTION NO. 24

### "Employ" Defined

*The term "employ" is defined as "to suffer or permit to work."*

[Defendant does not object to the substance of this instruction, but believes it is confusing as a standalone instruction.  Defendant has thus proposed incorporating this instruction in the general FLSA instruction above via the following language: "Work not requested but suffered or permitted is work time.]

Authority:      29 U.S.C. §203(g)(1); *Anglin v. Maxim Healthcare Servs.*, 2009 U.S. Dist. LEXIS 70155  (M.D. Fla. July 22, 2009).


            GIVEN AS REQUESTED            _____
            GIVEN AS MODIFIED             _____
            REFUSED                       _____
            WITHDRAWN                     _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25

### Rights to Overtime Non-Waivable

*An individual employee's rights for overtime under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.*

[Defendant Hanin Prieto only disputes this instruction because he does not contend that Plaintiff Arwin Nicolas Zapata Carrero waived or abridged by contract his rights under the FLSA.  This proposed instruction thus serves no purpose, other than to potentially confuse the jury.]

Authority:   *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981) *Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)

GIVEN AS REQUESTED_____

GIVEN MODIFIED            _____

REFUSED                   _____
WITHDRAWN                 _____

## DISPUTED PROPOSED JURY INSTRUCTION NO. 26

### "COMPENSABLE TIME" INCLUSIVE

*"Compensable time" includes far more than the time that the employee spends engaged in active labor.*

[Defendant objects to this proposed instruction, because it is infinitely broad and thus fails to provide any sort of meaningful "instruction" to the jury about what time is or is not compensable.].

Authority:    *Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN AS REQUESTED_____

GIVEN MODIFIED         _____

REFUSED              _____

WITHDRAWN            _____

41

## UNDISPUTED PROPOSED JURY INSTRUCTION NO. 27

### Willfulness

A willful violation means a violation in circumstances where the employer knew that its conduct was prohibited by the Act or showed reckless disregard of the requirements of the Act.  All of the facts and circumstances surrounding the violation are taken into account in determining whether a violation was willful.

Authority:     29 CFR § 551.104

GIVEN AS REQUESTED_____
GIVEN MODIFIED          _____
REFUSED                _____
WITHDRAWN              _____

## <u>UNDISPUTED PROPOSED JURY INSTRUCTION NO. 28</u>

### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

<u>Authority:</u>  3.9, Eleventh Circuit Pattern Jury Instructions 2019.

GIVEN AS REQUESTED_____

GIVEN AS MODIFIED    _____

REFUSED                     _____

WITHDRAWN                _____

43

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

ARWIN NICOLAS ZAPATA CARRERO   )
and all others similarly situated under 29   )
U.S.C. 216(b),   )
   )
                  Plaintiffs,   )
        vs.   )
   )
SANABI INVESTMENTS LLC d/b/a   )
OSCAR'S MOVING & STORAGE,   )
SAADY BIJANI a/k/a SANDY BIJANI,   )
HANIN PRIETO,   )
   )
                  Defendants.   )
_____   )

PLAINTIFF'S JURY VERDICT FORM

Do you find from a preponderance of the evidence:

OVERTIME WAGES

1.  That Defendant Hanin Prieto, employed Plaintiff Arwin Nicolas Zapata Carrero as

    defined in the jury instructions?

                  Yes___          No___

    If your answer is yes continue to # 2. If your answer is no sign the verdict form.

2.  That Arwin Nicolas Zapata Carrero is owed overtime wages for which he was not

    compensated by the Defendant Hanin Prieto?

                  Yes___          No___

If your answer is yes continue to 3. If your answer is no sign the verdict form

DAMAGES AS TO OVERTIME WAGES

3.  That Plaintiff Arwin Nicolas Zapata Carrero should be  awarded $_____

as the Plaintiff's overtime wages.

4. That Defendant Hanin Prieto willfully or recklessly failed to pay Plaintiff's overtime

   wages in violation of the law?

              Yes___        No ___

SO SAY WE ALL.

                                             _____
                                             JURY FOREPERSON

                                             _____
                                             DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

ARWIN NICOLAS ZAPATA CARRERO      )
and all others similarly situated under 29   )
U.S.C. 216(b),                                              )
                                                                     )
                           Plaintiffs,                          )
          vs.                                                     )
                                                                     )
SANABI INVESTMENTS LLC d/b/a         )
OSCAR'S MOVING & STORAGE,           )
SAADY BIJANI a/k/a SANDY BIJANI,      )
HANIN PRIETO,                                      )
                                                                     )
                           Defendants.                       )
_____)

<u>DEFENDANT HANIN PRIETO'S JURY VERDICT FORM</u>

Do you find from a preponderance of the evidence:

1.    That Plaintiff Arwin Nicolas Zapata Carrero was an employee of Defendant Hanin
       Prieto and was engaged in commerce or in the production of goods for
       commerce/employed by an enterprise engaged in commerce of in the production
       of commercial goods?

                         Yes_____      No_____

       If your answer is "No," this ends your deliberations, and your foreperson should
       sign and date the last page of this verdict form.  If you answer is "Yes," go to the
       next question.

2.    That Defendant Hanin Prieto failed to pay Plaintiff Arwin Nicolas Zapata Carrero
       the overtime pay required by law?

                         Yes_____      No_____

46

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.

3. That Defendant Hanin Prieto knew or showed reckless disregard for whether the FLSA prohibited his conduct?

Yes _____     No _____

4. That Plaintiff Arwin Nicolas Zapata Carrero should be awarded damages?

Yes _____     No _____

If your answer is "Yes," in what amount?  $_____

SO SAY WE ALL.


_____
JURY FOREPERSON


_____
DATE


Authority:   11th Circuit Pattern Jury Instructions (2019) at 4.14, p. 4-5.