# UNITED STATES DISTRICT COURT

### Southern District of Florida

Case Number: 1: 17 - CV - 20608-JJO

CARRERO, VARWIN NICLAS
_____

_____

Plaintiff(s)

v.

SANABI Investments LLC
SAADY BIJANI          (PRO SE)
_____

_____

Defendant(s)

FILED BY SAS D.C.

JUN 03 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## Global settlement with plaintiff

*(TITLE OF DOCUMENT)*

I, Saady Bijani _____ plaintiff or |defendant| in the above styled cause,

Formally submitt proof that a settlement was made with Robert. Meyer Former attorney representing plaintiff in the business Bankrupcy case for $20.000.

These $20.000 were part of a global settlement proposed by trustee Robert Angueira. for $70.000 total.

Attached exhibit A, B and granted motion presented by trusteed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Certificate of Service**

I _____ , certify that on this date _____ a true copy

of the foregoing document was mailed to: _____

name(s) and address(es)

_____

By: Saady Bijani

Signature of Filer _____

Printed or typed name of Filer   PROSE

SABijani @ gmail.com

E-mail address

Florida Bar Number

3053048164

Phone Number

Facsimile Number

11255 NW 77 terrace, Miami, Fl 33178

Street Address

City, State, Zip Code



ORDERED in the Southern District of Florida on March 13, 2020.

*Laurel M. Isicoff*
**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI, DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO.: 18-16699-LMI |
| | : | |
| SANABI INVESTMENTS, L.L.C., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

## ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
## STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER, came before the Court on March 9, 2020 at 10:30 A.M. (the "*Hearing*")

to consider the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy

[D.E. #259] (the "*Motion*").[1]  The Motion has been served on all interested parties and creditors,

pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.  The

Court, having reviewed the file, the Motion and record herein, having considered the Argument of

the Chapter 7 Trustee and noting that the Debtor's principal Mr. Saady Naim Bijani Fuenmayor

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

was present at the Hearing, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*" or "*Settlement*").

2.      Bijani will pay the Trustee a total sum of $70,000.00 to be paid in 25 equal monthly payments of $2,800.00 to be made on the 15th day of each month starting on February 15, 2020 and ending on February 15, 2022. As an incentive for early payment if the Trustee receives a total of $55,000.00 by February 15, 2021 then $55,000.00 will be the settlement amount.

3.      The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1 Avenue, Miami, FL 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4.      All notices given pursuant to the Settlement shall be served on the parties via U.S. Mail as follows:

      a.      <u>To the Trustee</u>: Robert A. Angueira, Trustee, c/o Yanay Galban, Esq., 16 SW 1st Avenue, Miami, Florida 33130.

      b.      <u>To Saady Naim Bijani Fuenmayor</u>: Saady Naim Bijani Fuenmayor, 11255 NW 77 Terrace, Miami, FL 33178.

The parties agree and acknowledge that notice is effective if served on the aforementioned addresses via U.S. Mail, First class. If Bijani's address changes, it is his obligation to notify the Trustee in writing and also file a Notice of Change of Address with the U.S. Bankruptcy Court for the Southern District of Florida.

5.  Furthermore, Bijani, his parents (Thais C. Fuenmayor and Saady A. Bijani), his brother (Naim T. Bijani), and his sister Susana Bijani have execute standstill and tolling agreement agreeing to extend the deadline pursuant to 11 U.S.C. §546(a) to file certain causes of action to recover and avoid the transfers described above under Chapter 5 of the United States Bankruptcy Code and/or applicable state law (including Fla. Stat. §§726.105, 726.106 and/or 607.06401) to March 15, 2022 (the "*Termination Date*").

6.  If Mr. Bijani fails to timely make any of the payments described in paragraph 2, then after ten (10) days written notice mailed or emailed to Bijani, he would be in default under the terms of the Settlement.  Upon Default, the Trustee has the following remedies, in addition to any further remedies provided by the Bankruptcy Code:

   a.  Upon Default, the Trustee would be entitled to: (i) file a Motion and request a hearing seeking the entry of a Final Judgment against Mr. Bijani in the amount of $100,000.00, plus attorney's fees, costs, and interest which shall accrue at 5%; and (ii) the Trustee shall be entitled to do this by Motion and without the necessity of filing an Adversary Proceeding.  The parties agree and stipulate that any such Final Judgment in the amount of $100,000.00, if one were to be entered after notice and hearing, would be a non-dischargeable debt under 11 U.S.C. §523.

   b.  Additionally, in the event that Bijani defaults under the terms of the Stipulation, the Trustee would also be entitled to commence litigation against Bijani his parents (Thais C. Fuenmayor and Saady A. Bijani), brother (Naim T. Bijani) and sister (Susana Bijani) concerning any transfers made by the Debtor to them within 4 years prior to the Petition Date, to the extent such claims exist.

   c.  In addition, upon Default the Trustee shall be entitled to interest, which shall accrue at 5% rate, as well as attorneys' fees and costs.

7.  The Settlement resolves all issues between the Trustee, Bijani, his parents (Thais C. Fuenmayor and Saady A. Bijani), his brother (Naim T. Bijani) and sister (Susana Bijani) for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

8.  The settlement proceeds of $70,000.00, or $55,000.00, to potential causes of action

3

against Mr. Bijani and Mr. Bijani's family members to avoid fraudulent transfers.

9.  The Court retains jurisdiction to enforce the terms of the Settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1ˢᵗ Avenue
Miami, FL 33130
Tel. 305-263-3328
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

4

Exhibit # A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20608-CIV-JAL

ARWIN NICOLAS ZAPATA CARRERO

and all others similarly situated under 29 U.S.C. 216(b), Plaintiffs,

vs.

SANABI INVESTMENTS LLC d/b/a OSCAR'S MOVING & STORAGE

and SANDY BIJANI,1 Defendants.

## Defendant Saady Bijani's Required Response to Order Requiring Response to Plaintiff's Motion to Lift Stay

COMES NOW defendant Saady Bijani in filing the required response to the Order on Plaintiff's Motion to Lift Stay (DE 192 Order DE 190 Motion)

Defendant has been unable to work in part since the conversion of the Sanabi Investment LLC being converted to a receivership and subsequently to Chapter 7 under trustee Robert Aguiera, see case Southern District of Florida US Bankruptcy court case 18-16699-LMI. Said Receivership commenced under an order (DE 161 of 7/3/19) and said Conversion commenced (DE178 7/17/19)

Not withstanding this chain of events, Debtor, Bijani started an exhaustive search for full time employment ultimately securing minimal part time work to support his minor child, his parents and family member who also lost their employment as a result of the receivership.

Debtor also worked with Trustee Anguiera on an exhaustive global settlement of all claims and accounts against Sanabi and himself as its president , said settlement was arrived at in early 2020 and was filed in

exhibit # A.1 (1,2)

the case under (DE259 2/14/20) and the Order approving same was uploaded (DE265 3/13/20)

Suffice it to say that instantly during and after the settlement was negotiated and effectuated for all creditors and claims the Covid 19 Pandemic financially destroyed any remote possibility or potentiality to engage and secure competent Legal Counsel to represent the debtor in any case and as a result of the Global Shutdown , all potential employment sources dried up leaving the Defendant bereft of any way to support himself or family.

No Stimuli is available to the defendant or his former corporation from the CARES ACT and the defendant has been distracted with the mere requirement to feed his toddler son.

Accordingly, the Defendant believes that the Composite Global Settlement arrived at and filed in the Chapter 7 case precluded any independent action against its former President, the Defendant in this case.

As the Trustee exhaustively examined all books and records of the Defendant's former Company, there was no evidence that the Plaintiff worked directly for the Defendant  as an individual and in fact the examination proved he was an employee of the former company .

Plaintiff has not perfected service on the Defendant having served Defendant at an address other than his established long term residence and as a result Defendant asks the Default Judgment to be set aside in favor of enforcement of the Global Settlement which as a result of the liquidation of the Defendant's former company provides some relief pro rata in the liquidation efforts.

*Exhibit #A.3*

Defendant hereby complies with the Courts Requirement for Response in the above statement.

Defendant is ready, willing and able to participate in any discussions which may effectuate provisions of

the settlement to this Plaintiff

Saady N Bijani PRO SE



**From:** Robert Angueira robert@rabankruptcy.com
**Subject:** RE: Yes understood, juat need clarification on the second question about Robert Meyer ! : PLS Reply second question and lets sign: —-Need your clarification to understand better > Global settlement of Sanabi Investments, LLC Case No. 18-16699-LMI
**Date:** February 10, 2020 at 12:25 PM
**To:** Saady Bijani sabijani@gmail.com, Yanay Galban yanay@rabankruptcy.com
**Cc:** Michael Frank mfrank@bkclawmiami.com, meyerrobertc@cs.com



Saady, I have copied Robert Meyer in this e-mail. Stop asking us the same questions over and over. If you pay the $70,000 its over you are done. No one is going to sue you or your family.  Unless for example you have a house in Venezuela that you did not tell us about.  SO either sign the stipulation and move on or all of us will start litigating against you and your family.

Robert A. Angueira, P.A.

Miami Office
16 SW 1st Avenue
Miami, FL 33130
Tel (305) 263-3328
Fax (305) 263-6335

Cell (305) 546-7732

e-mail: robert@rabankruptcy.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and permanently delete this e-mail from your computer.

**From:** Saady Bijani <sabijani@gmail.com>
**Sent:** Monday, February 10, 2020 12:15 PM
**To:** Yanay Galban <yanay@rabankruptcy.com>
**Cc:** Robert Angueira <robert@rabankruptcy.com>; Michael Frank <mfrank@bkclawmiami.com>
**Subject:** Yes understood, juat need clarification on the second question about Robert Meyer ! : PLS Reply second question and lets sign: —-Need your clarification to understand better > Global settlement of Sanabi Investments, LLC Case No. 18-16699-LMI

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Best Regards,

**Saady N. Bijani**
305.304.8164

*Exhibit #B-1*

*My Request for clarification*

o mann nom jour compuun.

**From:** Saady Bijani <sabijani@gmail.com>
**Sent:** Monday, February 10, 2020 10:25 AM
**To:** Robert Angueira <robert@rabankruptcy.com>
**Cc:** Yanay Galban <yanay@rabankruptcy.com>; Michael Frank <mfrank@bkclawmiami.com>
**Subject:** PLS Reply second question and lets sign: —-Need your clarification to understand better > Global settlement of Sanabi Investments, LLC Case No. 18-16699-LMI

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Best Regards,

**Saady N. Bijani**
305.304.8164



*From Trustee*

On Feb 10, 2020, at 10:14 AM, Robert Angueira <robert@rabankruptcy.com> wrote:

You pay in full everyone is released.

Robert Angueira

*My Question post #1*

On Feb 10, 2020, at 10:08 AM, Saady Bijani <sabijani@gmail.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Dear Robert Angueira / Yanay Galban

   As you know, Mike Frank represents me in my chapter 13 and does not represents me in my company's former chapter 11 now chapter 7 and he will not talk to me about the chapter 7, so as a non

*Exhibit # B.2*

english speaking party as a first lenguage who can't afford to waste more money on lawyers, I have a very 2 simple questions before signing your proposed settlement today if needed. (I'd like to add your responses as and exhibit "A" to our global settlement)

As your understanding as you drafted this document, **Are you releasing my Brother (Naim T. Bijani), my parents (Thais C. Fuenmayor and Saady Bijani) my sister (Susana T. Bijani) and any relative or family members IF I pay this entire amount of $70.000 per there terms of the agreement ?** Or **Are you leaving this open at the end to go after them even if I pay the complete amount ?**

I understand you are not releasing anyone until I pay in full on the terms agreed !

Please Reply

*My #2 Question*

My second questions is, **From the Global Settlement amount of $70.000 (meaning business and personal) $50.000 are for the trustee Robert Angueira for the conflicts in general in the chapter #7?**
**And $20.000 for the claims of Robert C. Meyer representing Arwin Nicolas Zapata in the Wage-hour employment lawsuit, correct ?**

Please Reply

I want to make this decision and sign today but I needed full clarification of what you mean in what you wrote! Thanks,

REGARDS,

Saady Bijani
sabijani@gmail.com
(305) 304-8164

sender and permanently delete
this e-mail from your computer.

**From:** Yanay Galban
**Sent:** Thursday, February 6, 2020 3:56 PM
**To:** Michael Frank <mfrank@bkclawmiami.com>
**Cc:** Robert Angueira <robert@rabankruptcy.com>; Saady Bijani <sabijani@gmail.com>
**Subject:** Sanabi Investments, LLC Case No. 18-16699-LMI

Confidential Settlement Communication

Mr. Frank,

Mr. Meyer informed us that his client will agree to a settlement for $70,000.00 payable at $2,800.00 a month for 25 months. Please let us know whether Mr. Bijani agrees to those terms. Enclosed is the stipulation that we have drafted. Pursuant to the stipulation we will need tolling agreements to be signed by Mr. Bijani, his parents, his brother Naim and his sister Susana. We will need copies of their IDs in order to make sure to have their accurate contact information in order to prepare the tolling agreements.

Regards,

Yanay Galban, Esq.

Robert A. Angueira, P.A.
16 SW 1st Ave.
Miami, FL 33130
Tel. (305) 263-3328
Direct Line. (786) 843-3560
yanay@rabankruptcy.com