UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI, DIVISION

In re:                                          :   CASE NO.: 18-16699-LMI
                                                :
SANABI INVESTMENTS, L.L.C.,                     :   CHAPTER 7
                                                :
        Debtor.                                 :
_____/

## STIPULATION TO COMPROMISE CONTROVERSY WITH SAADY NAIM BIJANI FUENMAYOR

This Stipulation is entered into between Robert A. Angueira, Chapter 7 Trustee of the bankruptcy estate of Sanabi Investments, LLC (the "*Trustee*") and Saady Naim Bijani Fuenmayor ("*Bijani*") on this 6th day of February, 2020.

WHEREAS, this Chapter 7 case was commenced by the filing of a voluntary Chapter 11 bankruptcy petition for the Debtor, Sanabi Investments, LLC on June 1, 2018 (the "*Petition Date*");

WHEREAS, on June 28, 2019, the Court entered an Order Directing Appointment of Chapter 11 Trustee [D.E. 148];

WHEREAS, on July 3, 2019, the US Trustee's Office filed a Notice of Appointment of Chapter 11 Trustee and Setting of Bond [D.E. 158] and appointing Robert A. Angueira to serve as Chapter 11 Trustee;

WHEREAS, on July 15, 2019, the Trustee filed an Expedited Motion to Convert Case to a Proceeding Under Chapter 7 of the Bankruptcy Code [D.E. 173];

WHEREAS, on July 17, 2019, the Court entered an Order Converting Case Under Chapter 11 to Case under Chapter 7 [D.E. 178];

WHEREAS, on July 18, 2019, the United States Trustee filed a Notice of Appointment of Trustee [D.E. 181] appointing Robert A. Angueira to serve as Chapter 7 Trustee;



EXHIBIT 1

Scanned with CamScanner

Case No.: 18-16699-LMI

WHEREAS, the §341 Meeting of Creditors was held and concluded on June 1, 2019 (the "*§341 Meeting*");

WHEREAS, on November 18, 2019, the Trustee, through counsel, conducted a Rule 2004 Examination of Bijani (the "*Rule 2004 Examination*");

WHEREAS, prior to the Petition Date Bijani was the sole owner of the Debtor. For all purposes Mr. Bijani was in control of the Debtor, the Debtor's bank account at Bank of America Account #2845 (the "*Bank of America Account*"), and the DIP account at TD Bank Account #-8241;

WHEREAS, at the Rule 2004 Examination, the Trustee discovered that within at least the four years prior to the Petition Date Bijani made monetary transfers from the Debtor's Bank of America Account to Mr. Bijani's personal bank account (the "*Transferred Funds*");

WHEREAS, at the Rule 2004 Examination, the Trustee discovered that within four years prior to the Petition Date, Bijani used the Debtor's Bank of America Account to pay for his personal expenses, including but not limited to, monthly mortgage payments to First Bank for Mr. Bijani's various real estate properties including his homestead property located at 11255 NW 77th Terrace, Miami FL 33178 and investments properties located at 22561 SW 88th Place Unit 105-7, Cutler Bay, FL 33190, 22541 SW 88th Place Unit 105-6, Cutler Bay, FL 33190, and 6312 NW 104th Court, Miami, FL 33178;

WHEREAS, based on a review of certain financial documents of the Debtor, the Transferred Funds or payments made by the Debtor on behalf of Mr. Bijani were not justified as salary and instead were improperly characterized by Mr. Bijani and his sister Susana Bijani (bookkeeper) as a loan to shareholder which had a balance of approximately $244,500.00 as of May 2, 2019;

WHEREAS, at the Rule 2004 Examination Mr. Bijani testified that he used the Debtor's

2

Scanned with CamScanner

Case No.: 18-16699-LMI

Bank of America Account to pay his personal expenses as needed;

WHEREAS, Bijani admitted that he used corporate funds post-petition to pay the mortgages on numerous homes which were titled in his personal name;

WHEREAS, for no less than the four years prior to the petition date the Debtor paid the monthly car payments or leases for approximately 5 vehicles that were driven by Mr. Bijani and Mr. Bijani's family members. Furthermore, pre-petition the Debtor made money transfers to Mr. Bijani's mother and Mr. Bijani's brother's business;

WHEREAS, the Trustee has asserted that the estate has causes of action against Mr. Bijani and Mr. Bijani's family members to avoid the transfers as fraudulent transfers;

WHEREAS, Bijani denies and/or disputes some of the allegations noted above, and has asserted that some of the benefits and payments received by his family members were in exchange for their services to the Debtor;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. Bijani will pay the Trustee a total sum of $70,000.00 to be paid in 25 equal monthly payments of $2,800.00 to be made on the 15th day of each month starting on February 15, 2020 and ending on February 15, 2022. As an incentive for early payment if the Trustee receives a total of $55,000.00 by February 15, 2021 then $55,000.00 will be the settlement amount.

3

Scanned with CamScanner

Case No.: 18-16699-LMI

2. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1 Avenue, Miami, FL 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3. All notices given pursuant to this Settlement shall be served on the parties via U.S. Mail as follows:

   a. <u>To the Trustee</u>: Robert A. Angueira, Trustee, c/o Yanay Galban, Esq., 16 SW 1st Avenue, Miami, Florida 33130.

   b. <u>To Saady Naim Bijani Fuenmayor</u>: Saady Naim Bijani Fuenmayor, 11255 NW 77 Terrace, Miami, FL 33178.

The parties agree and acknowledge that notice is effective if served on the aforementioned addresses via U.S. Mail, First class. If Mr. Bijani's address changes, it is his obligation to notify the Trustee in writing and also file a Notice of Change of Address with the U.S. Bankruptcy Court for the Southern District of Florida.

4. Furthermore, upon the execution of this Stipulation Bijani, his parents (Thais C. Fuenmayor and Saady A. Bijani), his brother (Naim T. Bijani), and his sister Susana Bijani will execute standstill and tolling agreements agreeing to extend the deadline pursuant to 11 U.S.C. §546(a) to file certain causes of action to recover and avoid the transfers described above under Chapter 5 of the United States Bankruptcy Code and/or applicable state law (including Fla. Stat. §§726.105, 726.106 and/or 607.06401) to February 15, 2022 (the "*Termination Date*").

5. If Mr. Bijani fails to timely make any of the payments described in paragraph 1, then after ten (10) days written notice mailed or emailed to Bijani, he would be in default under the terms of the Settlement. Upon Default, the Trustee has the following remedies, in addition to any further remedies provided by the Bankruptcy Code:

   a. Upon Default, the Trustee would be entitled to: (i) file a Motion and request a hearing seeking the entry of a Final Judgment against Mr. Bijani in the amount of

4

Scanned with CamScanner

Case 1:17-cv-20608-JJO Document 201-1 Entered on FLSD Docket 06/12/2020 Page 5 of 6
Case 18-16699-LMI Doc 259 Filed 02/14/20 Page 13 of 20

Case No.: 18-16699-LMI

$100,000.00, plus attorney's fees, costs, and interest which shall accrue at 5%; and (ii) the Trustee shall be entitled to do this by Motion and without the necessity of filing an Adversary Proceeding. The parties agree and stipulate that any such Final Judgment in the amount of $100,000.00, if one were to be entered after notice and hearing, would be a non-dischargeable debt under 11 U.S.C. §523.

b. Additionally, in the event that Bijani defaults under the terms of this Stipulation, the Trustee would also be entitled to commence litigation against Bijani his parents (Thais C. Fuenmayor and Saady A. Bijani), brother (Naim T. Bijani) and sister (Susana Bijani) concerning any transfers made by the Debtor to them within 4 years prior to the Petition Date, to the extent such claims exist.

c. In addition, upon Default the Trustee shall be entitled to interest, which shall accrue at 5% rate, as well as attorneys' fees and costs.

6. This Stipulation resolves all issues between the Trustee, Bijani, his parents (Thais C. Fuenmayor and Saady A. Bijani), brother (Naim T. Bijani) and sister (Susana Bijani) for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

7. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

8. The Trustee has accepted this settlement subject to this Court's approval.

9. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

10. Time is of the essence as to all deadlines within this stipulation.

11. This agreement represents the full and complete understanding of the parties.

5

Scanned with CamScanner

Case No.: 18-16699-LMI

12. The Trustee believes that this agreement is in the best interest of the estate.

13. This agreement may be signed in counterparts.

14. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

SAADY NAJM BIJANI FUENMAYOR       DATE 02/10/2020

ROBERT A. ANGUEIRA       DATE 2/13/20
TRUSTEE

Scanned with CamScanner